T.C. Memo. 1996-274


UNITED STATES TAX COURT


LEO AND PAULINE GOLDMAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 4838-94, 4839-94.            Filed June 12, 1996.


Norman Nadel, for petitioners.

Pamela L. Cohen, for respondent.


MEMORANDUM OPINION

PAJAK, Special Trial Judge:  These cases were heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined additions to petitioners' Federal income taxes as follows:

| | Additions To Tax | | |
|---|---|---|---|
| Year | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661 |
| 1983 | $1,506 | [1] | $7,532 |
| 1984 | 81 | [1] | -- |

[1] Amount equal to 50 percent of the interest due on $30,127 and $1,623, which are the portions of the underpayments attributable to negligence for taxable years 1983 and 1984, respectively.

Respondent also determined that petitioners are liable for increased interest under section 6621(c) on $30,127 for 1983 and on $1,623 for 1984. (Petitioners did not raise any issue as to section 6621(c), and this Court has no jurisdiction over that section under the circumstances here presented. White v. Commissioner, 95 T.C. 209, 216-217 (1990).)

The issues for decision are (1) whether the Court has jurisdiction over this proceeding, and (2) whether the notices of deficiency were issued before the applicable period of limitations expired. If we decide these issues unfavorably to petitioners, the parties have agreed to be bound by the controlling case of Goldman v. Commissioner, T.C. Memo. 1993-480, affd. 39 F.3d 402 (2d Cir. 1994), with regard to the additions to tax. The controlling case, which is final, sustained respondent's determinations regarding the additions to tax.

These cases were consolidated for briefing and opinion, and were submitted fully stipulated pursuant to Rule 122. The stipulated facts are so found.

Petitioners resided in New Hyde Park, New York, when they filed their petitions in these cases.

For the years in issue, Leo Goldman (petitioner) was a limited partner in Mid Continent Drilling Associates II (MCDA II). The additions to tax in issue relate to petitioner's investment in MCDA II. MCDA II is one of several limited partnerships which comprise respondent's Petro-Tech National Litigation Project. Cf. Webb v. Commissioner, T.C. Memo. 1990-556.

The Form 1065 partnership returns filed by MCDA II for taxable years 1983 and 1984 indicate that MCDA II had more than 100 partners during each of those years. The returns show that petitioner held a 0.00765306 profit-sharing percentage interest in MCDA II for both 1983 and 1984. The returns also indicate that MCDA II's employer identification number (EIN) was 13-3093089.

On October 21, 1991, respondent timely mailed separate Notices of Final Partnership Administrative Adjustment (FPAA), one for taxable year 1983 and one for taxable year 1984, to the tax matters partner (TMP) of MCDA II, and to Robert and Wendy Lax. As reflected in MCDA II's partnership returns, Robert Lax owned a 0.01020408 profit-sharing percentage interest in MCDA II

in 1983 and 1984, and therefore was a notice partner. Sec. 6223(a) and (b).

The FPAA's determined adjustments to the partnership items of MCDA II. A petition for readjustment of final partnership administrative adjustments was not filed by the TMP of MCDA II within 90 days. However, a petition for readjustment of final partnership administrative adjustments was timely filed by Robert and Wendy Lax on March 16, 1992, and was assigned docket No. 5757-92 (the Lax case). The caption of the Lax case read, in pertinent part:

> MidContinental Drilling Co.
>   Partnership,
> Robert and Wendy Lax, Partners
> Other Than The Tax Matters Partner
>
> Petitioners,

Paragraph 2 of the petition stated "The Partnership's taxpayer identification number is 13-3093089." Attached to the petition were the two FPAA's issued to Robert and Wendy Lax concerning MCDA II. In the FPAA for 1983, respondent refers to MCDA II as "Mid-Continent Drilling Associates" and "Mid Continent Drilling Associates II". In the FPAA for 1984, respondent refers to MCDA II as "Mid-Continental Drilling Co." and "Mid Continent Drilling Associates II". However, each of the above references is followed by the EIN of 13-3093089, which is the EIN of MCDA II.

The FPAA's previously issued to the TMP of MCDA II referred to the partnership solely as "Mid Continent Drilling Associates II", and also listed 13-3093089 as the EIN.

No partners of MCDA II elected to participate in the Lax case within the time specified under Rule 245(a) and (b). See Rule 247(b).

On February 11, 1993, this Court entered a decision in the Lax case under Rule 248(b) which sustained the adjustments to the partnership items of MCDA II for taxable years 1983 and 1984. This decision became final on May 12, 1993. Secs. 7481(a)(1) and 7483.

On January 10, 1994, respondent mailed notices of deficiency for affected items to petitioners which related to the partnership items determined in the Lax case. The only adjustments in the notices of deficiency were for additions to tax and increased interest for 1983 and 1984.

Petitioners claim that the applicable period of limitations has expired because "the multiple defects in the Lax Petition reduced that case to a nullity insofar as it relates to the Goldman Petitioners." Their argument that the partnership level proceeding is a "nullity" is based on the caption in that case, which reads, in pertinent part, "Midcontinental Drilling Co. Partnership". Because the caption in the Lax case does not read "Mid Continent Drilling Associates II", petitioners characterize the caption as "defective", and argue as follows:

The use of a name other than MCDA II in the caption disregarded the rules of practice of this Court and effectively deprived the other partners in that venture of notice that a TEFRA petition had been filed which would have enabled them to exercise their statutory rights. The name in the caption described a non-existent partnership or a partnership in which the Goldman Petitioners had no interest. The Lax Petitioners never established their eligibility as Notice Partners to file a TEFRA petition in the Tax Court.

We believe petitioners advance essentially two theories. Petitioners argue that the additions to tax should not be imposed because the affected items notices of deficiency were mailed to them beyond the applicable period of limitations. Petitioners contend that under section 6229(d), the time for respondent to issue notices for affected items expired on March 20, 1993, which is 1 year after the 150th day following the date of the issuance of the FPAA's to MCDA II's TMP and the Laxes on October 21, 1991. Petitioners also claim they did not receive notice of the partnership level proceeding in the Lax case, and thus the affected items notices of deficiency are invalid and we lack jurisdiction over this proceeding.

When a jurisdictional issue is raised, as well as a statute of limitations issue, we must first decide whether we have jurisdiction in the case before considering the statute of limitations defense. King v. Commissioner, 88 T.C. 1042, 1050 (1987), affd. on other grounds 857 F.2d 676 (9th Cir. 1988).

The question of jurisdiction is a fundamental question that can be raised at any time by either party or by the Court.

Naftel v. Commissioner, 85 T.C. 527, 530 (1985); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983). Moreover, we have jurisdiction to decide whether we have jurisdiction. Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Kluger v. Commissioner, 83 T.C. 309, 314 (1984).

The tax treatment of partnership items generally is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221-6233. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648. The TEFRA procedures apply with respect to a partnership's taxable years beginning after September 3, 1982. Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986); Alpha Chemical Partners v. Commissioner, T.C. Memo. 1995-141. Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

Partnership items do not include any "affected item", which is defined as any item that is affected by a partnership item. Sec. 6231(a)(5); White v. Commissioner, 95 T.C. 209, 211 (1990). There are two types of affected items. The first type is a computational adjustment made to record the change in a partner's tax liability resulting from the proper treatment of a partnership item. Sec. 6231(a)(6). After partnership level

proceedings are completed, respondent is permitted to assess a computational adjustment against a partner without issuing a deficiency notice. Sec. 6230(a)(1); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987).

The second type of affected item is one that is dependent upon factual determinations to be made at the individual partner level. N.C.F. Energy Partners v. Commissioner, supra at 744. Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to those affected items which require individual partner level determinations. Additions to tax under sections 6653(a)(1), 6653(a)(2), and 6661 are affected items requiring factual determinations at the individual partner level and are subject to the normal deficiency procedures. N.C.F. Energy Partners v. Commissioner, supra at 745.

The Court may not adjudicate partnership items or related computational adjustments in an affected items proceeding such as this one. Saso v. Commissioner, 93 T.C. 730, 734 (1989). But in Crowell v. Commissioner, 102 T.C. 683, 691 (1994), we held that the taxpayers could challenge the validity of the affected items notice of deficiency on the ground that respondent failed to properly notify the taxpayer partner of the underlying partnership level proceeding. As in Crowell, we believe petitioners' notice argument is tantamount to a motion to dismiss this case for lack of jurisdiction on the ground that the affected items notices are invalid.

Section 6223(a) generally requires the Commissioner to mail each partner notice of: (1) The beginning of an administrative partnership proceeding, and (2) the final partnership administrative adjustment resulting from that proceeding. Crowell v. Commissioner, supra at 690. To comply with section 6223(a), the Commissioner is required to use the names, addresses, and profits interests of the partners shown on the partnership return for the year in issue, as modified by any additional information supplied in accordance with the regulations. Triangle Investors Ltd. Partnership v. Commissioner, 95 T.C. 610, 613 (1990); sec. 301.6223(c)-1T(f), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784 (Mar. 5, 1987).

Aside from the general provisions in section 6223(a), section 6223(b) sets forth special rules for partnerships with more than 100 partners. Section 6223(b) provides that the notice requirements of section 6223(a) shall not apply to a partner if the partnership has more than 100 partners and the partner has a less than 1-percent profits interest in the partnership.

During 1983 and 1984, MCDA II had more than 100 partners, and petitioner had less than a 1-percent profits interest in the partnership. Petitioner has not shown that he was part of a "notice group" as defined in section 6223(b)(2). Accordingly, the Commissioner was not obliged to provide petitioners with notice of the final partnership administrative adjustment

resulting from the administrative proceeding at the partnership level.  Energy Resources, Ltd. v. Commissioner, 91 T.C. 913, 916 (1988).

Petitioners argue that the "defective" caption of the Lax case deprived them of notice that a partnership action had been commenced.  There is no question that the Commissioner mailed the FPAA's to the TMP of MCDA II.  It was the TMP who was statutorily required to provide notice to petitioners that a partnership action had been commenced.  Sec. 6223(g).  As explained by this Court, "The tax matters partner must also perform important functions within the partnership.  He is required to keep all partners informed of the status of administrative and judicial proceedings involving the partnership."  Computer Programs Lambda, Ltd. v. Commissioner, 89 T.C. 198, 205 (1987).

Jurisdictionally, we do not find that the "defects" in the Lax petition played any role in the notice required in this affected items proceeding.  Petitioners were to be notified of the partnership action by the TMP of MCDA II, not by the caption of the Lax petition.  In any event, failure by the TMP to provide notice would not affect the applicability of the partnership proceedings.  Sec. 6230(f).  This Court has upheld the constitutionality of the TEFRA partnership procedures.  Boyd v. Commissioner, 101 T.C. 365, 374 (1993).  Respondent's mailing of the FPAA to the TMP of MCDA II satisfied all requirements and therefore did not deny petitioners due process.

Petitioners also argue that respondent did not timely issue the notices of deficiency in these cases. This argument is predicated upon petitioner's belief that if the petition in the Lax case was not filed in accord with section 6226, then the Lax case should have been dismissed for lack of jurisdiction and the period for assessment expired 1 year and 150 days after the mailing of the FPAA's because "no action was brought" sufficient to suspend the assessment period within the meaning of section 6229(d). As with their jurisdictional argument, petitioners seek refuge behind the caption in the Lax case.

We find petitioners' claim that the proceeding in the Lax case should have been dismissed for lack of jurisdiction based on the caption to be without merit. In a partnership action for readjustment of partnership items, this Court has jurisdiction when the Commissioner has mailed a valid FPAA and the TMP or other eligible partner has timely filed a petition with the Court seeking readjustment of partnership items. Sec. 6226; Rule 240(c); Meserve Drilling Partners v. Commissioner, T.C. Memo. 1996-72.

In the instant cases, respondent properly issued FPAA's to the TMP of MCDA II and to Robert Lax, as a notice partner, and to his wife, Wendy Lax. A petition was timely filed by the Laxes, and a decision was entered by this Court. Both the petition and the decision in the Lax case clearly identified the MCDA II partnership. The statutory requirements have been met to

determine an adjustment to the partnership returns of MCDA II, to assess the computational adjustments attributable thereto, and to issue the affected items notices to petitioners.

For all of the foregoing reasons,

<u>Decisions will be entered</u>
<u>for respondent.</u>