**Abel KAPLAN and Mary Lou Kaplan, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America, Defendant–Appellee.**

No. 97–2233.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 31, 1997.

Decided Jan. 7, 1998.

---

Bernard M. Kaplan, Norman S. Rosen (argued), Ruben, Kaplan & Rosen, Skokie, IL, for Plaintiffs–Appellants.

Richard Farber, Janet Bradley (argued), Karen D. Utiger, Department of Justice, Tax Division, Appellate Section, Washington, DC, James J. Kubik, Office of the United States Attorney, Civil Division, Appellate Section, Chicago, IL, Richard J. Gagnon, Jr., Department of Justice, Tax Division, Washington, DC, for Defendant–Appellee.

Before FLAUM, EASTERBROOK, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Abel and Mary Lou Kaplan had no idea that they owed certain overdue taxes to the Internal Revenue Service (I.R.S.). Abel Kaplan held less than a one-percent interest in the profits of a Utah limited partnership that claimed over nine million dollars of invalid deductions for the 1983 tax year. The Kaplans claimed a distributive share of these deductions on their joint income tax return for 1983. The I.R.S. audited the partnership and disallowed the 1983 deductions on October 21, 1991; it had previously given timely notice of this adjustment to all authorized parties in accordance with the provisions of the Internal Revenue Code. The Kaplans, however, by virtue of their small investment in the partnership, were not one of these authorized parties. Their first hint of a problem came in a 1994 notice of deficiency and demand for payment from the I.R.S. The Kaplans paid these overdue taxes (plus penalties and interest) under protest and, after the I.R.S. did not act on their claim for a refund, they commenced this challenge to force the I.R.S. to refund the disputed funds. The district court dismissed their complaint for want of subject-matter jurisdiction. In addition, the court granted the Government's motion for summary judgment on the Kaplans' claims that the Internal Revenue Code unconstitutionally deprived them of notice of the adjustment to the partnership's 1983 tax return. We affirm.

## I. BACKGROUND

Partnerships, as such, are not subject to the federal income tax. They must file annual reports of the partners' distributive shares of income, gains, deductions, and credit; the partners are taxed in their individual capacities based on these calculations. I.R.C. §§ 701 & 6031. Congress enacted the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), 26 U.S.C. §§ 6221–33, in response to the special problems posed by the taxation of partnership activities. Through TEFRA, Congress sought to ensure equal treatment of partners by uniformly adjusting partners' tax liabilities and channeling any challenges to these adjustments into a single, unified proceeding. See Staff of the Joint Committee on Taxation, 97th Cong., 2d Sess., General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982, at 268. This system has the additional advantage of abating the administrative burden that would be wrought by multiple, duplicative audits and lawsuits involving numerous partners in a single partnership.

TEFRA achieves these goals, in part, by establishing procedures for disseminating information regarding the taxation of partnership items. Specifically relevant to this case, the I.R.S. must provide notice to each partner of any adjustments to partnership items. This notice takes the form of a final partnership administrative adjustment (FPAA), which details the I.R.S.'s approval or rejection of the partnership's claims of taxable income and deductions. See I.R.C. §§ 6223(a)(2) & (d)(2). Section 6226(c) binds all partners to the result obtained by a legal challenge brought by one partner, thereby preventing numerous lawsuits concerning the same factual and legal issues; TEFRA prescribes widespread, contemporaneous notification in order to facilitate the coordination of partners' legal challenges to an FPAA and in order to prevent some partners from bringing suit (and binding all other partners) before other partners know of an adjustment.

TEFRA, however, prevents the notification requirements from imposing an unduly onerous burden on the Government. The I.R.S. is required to send notice of an FPAA to each partner that owns at least one percent of the partnership. See id. § 6223(a). However, section 6223(b) of the Internal Revenue Code expressly states that the I.R.S. need not send notification to a partner owning less than a one-percent interest in a partnership composed of more than one hundred partners. These small-share partners are not excluded from all notification. Rather, the I.R.S. is required only to send notice of the FPAA to the partnership's "tax matters partner" (TMP), the general partner designated by the partnership to handle tax issues. See I.R.C. §§ 6223(a)-(d). If no TMP is designated, notice may be sent to the partner

having the largest interest in the partnership's profits at the end of the relevant tax year; if this proves impracticable, the Secretary of the Treasury may select a TMP. *See id.* § 6231(a)(7). The Code construes notice to the TMP as constructive notice to the small-share partners; the TMP is charged with notifying all of these small-share partners of any adjustments contained in the FPAA. *See id.* § 6223(g).

In 1983, Abel Kaplan was a partner in a Utah limited partnership—Mid-Continent Drilling Associates II (MCDA II)—that was subject to the reporting requirements of TEFRA. On its partnership tax return for 1983, MCDA II claimed over $9 million in deductions; the Kaplans filed a joint income tax return in 1983 in which they claimed their distributive share of these deductions. In 1986, the I.R.S. initiated an audit of the partnership's 1983 tax return. At that time, Oscar Strongin was the tax matters partner for MCDA II in 1986. Strongin signed two agreements with the I.R.S. extending the period for making adjustments to the partnership's 1983 tax deductions; the second of these agreements extended the period for adjusting the partnership's 1983 taxes for an indefinite period of time (subject to conditions stated in the agreement but not relevant here). The partnership dissolved in 1990, but the I.R.S.'s investigation continued until 1991.

The I.R.S. mailed its FPAA to Strongin and the notice partners of MCDA II on October 21, 1991. In the FPAA, the I.R.S. disallowed all of the deductions claimed by MCDA II in its 1983 partnership return (and, consequently, all distributive share deductions claimed by the individual partners on their income tax returns for that year). Kaplan was not a "notice partner" of MCDA II for purposes of TEFRA, *see* I.R.C. § 6223(b)(1), because he owned less than a one-percent interest in a partnership comprised of more than one hundred partners. The I.R.S., therefore, was not obligated by I.R.C. § 6223(a) to send him personal notice of an adjustment to MCDA II's taxes. Under the provisions of the Internal Revenue Code, the I.R.S. effectively notified Kaplan of the 1983 adjustment by notifying Strongin, MCDA II's tax matters partner.

This "effective" notice, however, did not translate into actual notice to the Kaplans. For reasons undisclosed in the record, Strongin never notified the Kaplans of the FPAA. The Kaplans were therefore surprised on February 14, 1994, to receive a notice and demand for payment of taxes owed in 1983; this demand also included penalties for negligence and substantial understatement of income tax. The Kaplans paid the amount demanded by the I.R.S. under protest in August 1994 and, after the I.R.S. did not act within six months on their administrative claim for a refund, they commenced this action.

The Kaplans' lawsuit claimed that they were entitled to personal notice of the FPAA under the provisions of the Internal Revenue Code. In the alternative, they argued that denying them personal notice violated their constitutional rights to due process and equal protection of the laws. After the Government filed its answer, the Kaplans moved for summary judgment on these grounds. The Government moved to dismiss the Kaplans' complaint for lack of subject-matter jurisdiction and moved for summary judgment on their constitutional claims. The district court granted the Government's two motions, and the Kaplans now press these two alternative claims on appeal.

## II. DISCUSSION

The Kaplans argue that Oscar Strongin did not properly represent the partnership as the TMP; from this, they believe that his agreements extending the time in which the I.R.S. could make an adjustment to the partnership's tax returns beyond the statute of limitations were invalid. The Government posits that—irrespective of the merits of this assertion (which the Government also contests)— the district court lacked subject-matter jurisdiction over the Kaplans' complaint according to § 7422(h) of the Internal Revenue Code. Assuming the Government is correct that § 7422(h) deprived the court of jurisdiction, the Kaplans contend alternatively that the notice provisions of TEFRA violate their equal protection and due process rights. We

give *de novo* review both to the district court's decision to dismiss the case for lack of subject-matter jurisdiction, *Monroe v. Missouri Pac. R.R. Co.*, 115 F.3d 514, 516 (7th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 413, 139 L.Ed.2d 316 (1997), and its grant of summary judgment on the Kaplans' constitutional claims, *Kuiper v. American Cyanamid Co.*, 131 F.3d 656, 659 (7th Cir.1997). We affirm the conclusions of the district court.

## A. Subject–Matter Jurisdiction

█ Section 7422(h) of the Internal Revenue Code deprives the federal judiciary of subject-matter jurisdiction in individual tax refund challenges involving "partnership items." The Code offers a rather tautological definition of partnership items as those items "more appropriately determined at the partnership level than at the partner level." I.R.C. § 6231(a)(3). A partner's proportionate share of the partnership's income and deductible losses is within the scope of this definition. *See, e.g.,* 26 C.F.R. § 301.6231(a)(3)–1(a)(1)(i); *Goldman v. Commissioner of Internal Revenue*, 71 T.C.M. (CCH) 3176, 1996 WL 315717 (1996), *aff'd. without opinion*, 112 F.3d 503 (2d Cir.1997). TEFRA requires that all challenges to adjustments of partnership items be made in a single, unified agency proceeding; indeed, this is the key component of TEFRA that yields the desired benefits of economy and consistency. There are two exceptions to this general framework. First, a partner may sue for a refund if the partner's request for an administrative adjustment is denied. *See* I.R.C. § 6228(b). Second, a partner may seek a refund based upon a computational error. *See id.* § 6230(c). If neither of these exceptions apply, however, courts lack subject-matter jurisdiction to entertain a partner's lawsuit regarding an adjustment to a partnership item.

The adjustment in this case concerns a prototypical partnership item. The I.R.S. disallowed deductions claimed by the partnership in 1983 that were reflected on the individual income tax returns of all partners. The Kaplans' challenge to this adjustment does not allege a computational error, and

the I.R.S. never denied their administrative request for a refund. By the plain language of the Internal Revenue Code, the courts have no jurisdiction to entertain this lawsuit.

█ The Kaplans unsuccessfully advance two arguments in response to this clear statutory bar. First, they claim that their challenge does not concern a "partnership item," but rather the validity of Strongin's authority or standing to serve as TMP for MCDA II. They do not challenge TEFRA's provision empowering tax matters partners, as a general matter, to execute agreements with the I.R.S. extending the permissible time period for making an adjustment to a partnership's tax return. *See* I.R.C. § 6229(b)(1)(B) (stating that extensions of the permissible period for assessing a tax of partnership items may be made "with respect to all partners, by an agreement entered into by the Secretary and the tax matters partner"). Rather, they argue that Strongin could not qualify as a TMP because of his lack of a bona fide investment as a general partner in MCDA II. If Strongin lacked authority to execute the extensions, the Kaplans' argument goes, then the adjustment to MCDA II's taxes would have been barred by the statute of limitations. In this way, they argue, this is merely a statute of limitations question and does not implicate a partnership item.

This argument cannot succeed because the underlying substantive claim concerns the propriety of the adjustments to the partnership's 1983 tax return. If the Kaplans were to succeed in their claim, it would affect the tax liability of all of MCDA II's partners. This is precisely the type of challenge prohibited by TEFRA in light of Congress's decision that such suits are better addressed in one fell swoop at the "partnership level" than in countless suits by individual partners. Other courts share our view that this kind of statute of limitation challenge concerns a partnership item. *See Thomas v. United States*, 967 F.Supp. 505, 506 (N.D.Ga.1997); *Crowell v. Commissioner of Internal Revenue*, 102 T.C. 683, 693, 1994 WL 151303 (1994); *Slovacek v. United States,* 36 Fed. Cl. 250, 254–56 (1996); *Anderson v. United States,* No. C–91–3523 MHP, 1993 WL

204605 (N.D.Cal. June 3, 1993), *aff'd. without opinion*, 50 F.3d 13 (9th Cir.1995).

■ Second, the Kaplans seek support from I.R.C. § 6231(b)(1)(D), which states that partnership items are transformed into nonpartnership items if the I.R.S. fails to provide adequate notice under § 6223. Because they did not receive any notice of the FPAA or of Strongin's statute of limitations extensions, they contend that they did not receive adequate notice pursuant to § 6223. Under this line of thought, then, their tax adjustment concerned nonpartnership items and TEFRA's jurisdictional bar does not apply. The only problem with this argument is that it ignores the operative language of § 6231's transformation provision: adequate notice *under section 6223*.

Abel Kaplan received adequate notice under § 6223. He owned less than a one-percent share in MCDA II, a partnership with over one hundred partners. Such small-share partners are not entitled to personal notice under § 6223(b)(1); rather, these partners receive "adequate notice" of an FPAA under § 6223 when the I.R.S. notifies the partnership's tax matters partner. *See, e.g., Vander Heide v. Commissioner of Internal Revenue*, 71 T.C.M. (CCH) 2151, 1996 WL 74796 (1996); *Energy Resources, Ltd. v. Commissioner of Internal Revenue*, 91 T.C. 913, 1988 WL 117397 (1988). In an identical case, the United States Tax Court held that a small-share partner in MCDA II received adequate notice under § 6223 when the Government mailed the FPAA to the partnership's tax matters partner. *See Greene v. Commissioner of Internal Revenue*, 69 T.C.M. (CCH) 2070, 1995 WL 103522 (1995). Thus, because the I.R.S. notified Oscar Strongin of the FPAA in compliance with § 6223, section 6231(b)(1)(D) does not operate to convert the partnership item into a nonpartnership item.

For these reasons, the court lacks subject-matter jurisdiction over the Kaplans' refund claims. We affirm the district court's dismissal of the case.

## B. Constitutional Claims

The Kaplans argue in the alternative that the statutory provisions denying them personal notice of an adjustment to MCDA II's 1983 taxes violate their constitutional rights to equal protection and due process. Specifically, they challenge § 6223(b)(1), which cuts off personal notice for partners who own less than one-percent shares in partnerships comprised of more than one hundred partners. Section 6223(e)(1)(B)(i) deems notifying a partnership's TMP of an FPAA to be "adequate notice" for the small-share partners not entitled to personal notice. For purposes of our summary judgment review, we take as true the Kaplans' allegation that they did not receive any notice of the FPAA from the I.R.S. or Oscar Strongin, MCDA II's tax matters partner.

■ The Kaplans argue first that § 6223 makes an arbitrary distinction between notice partners and non-notice partners in violation of the Equal Protection Clause. As a general matter, non-suspect statutory classifications are presumptively valid, and we will uphold them so long as they bear a rational relation to a legitimate government purpose. *See Regan v. Taxation With Representation of Washington*, 461 U.S. 540, 547, 103 S.Ct. 1997, 2001, 76 L.Ed.2d 129 (1983); *University Prof'ls of Illinois, Local 4100 v. Edgar*, 114 F.3d 665, 667 (7th Cir.1997). Under this standard of review, defendants will prevail if they proffer a sound reason for the legislative classification. *See F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 315, 113 S.Ct. 2096, 2102, 124 L.Ed.2d 211 (1993).

The United States Tax Court recognized in *Boyd v. Commissioner of Internal Revenue*, 101 T.C. 365, 374, 1993 WL 452248 (1993), that Congress enacted TEFRA "in response to the administrative problems caused by the enormous growth of large tax shelter partnerships." Congress created the classification at issue in this appeal in order to prevent administrative overload and to facilitate administrative efficiency in the adjustment of the taxes of the nation's partnerships. Partners who own as little as a one-percent share in certain large partnerships receive personal notice from the I.R.S., but partners who own less than this amount must rely on indirect notification through their partnership's TMP.

Unless Congress wanted to afford every partner personal notice, it had to draw some line. We have recognized that promoting administrative efficiency in order to better effectuate a statutory mandate can be a legitimate governmental purpose. *See Pryor v. Brennan*, 914 F.2d 921, 926 (7th Cir.1990). In this case, we hold that TEFRA's notice classification is rationally designed to advance this legitimate goal.

■ The Kaplans' due process challenge likewise must fail. Although we agree that notice is the heart of due process, *see Richards v. Jefferson County*, 517 U.S. 793, ——, 116 S.Ct. 1761, 1766, 135 L.Ed.2d 76 (1996), the Constitution does not require personal notice in every situation in which Government action impacts a person's life, liberty, or property. Rather, "due process is flexible and calls for such procedural protections as the particular situation demands." *Gilbert v. Homar*, —— U.S. ——, ——, 117 S.Ct. 1807, 1812, 138 L.Ed.2d 120 (1997) (*quoting Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)); *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (stating that the Government satisfies its constitutional responsibility of providing due process if a chosen form of notice has "due regard for the practicalities and peculiarities of the case"). Personal notice, the Supreme Court has reiterated, is not always mandated by the Constitution; the Government satisfies its due process obligations if it provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657.

The Kaplans did not receive personal notice of the FPAA in this case, but the I.R.S. did provide timely notice of the FPAA to Oscar Strongin, the tax matters partner of MCDA II, pursuant to I.R.C. § 6223(b). This manner of notifying small-share partners, as stated earlier, reflects a congressional decision to ease the administrative burden on the I.R.S. Section 6223(b) provides actual—but not personal—notice to all partners in light of the common-law principle of part-nership law that notice to one general partner constitutes notice to all partners. *See Walthall v. United States*, 911 F.Supp. 1275, 1281–82 (D.Alaska 1995), *aff'd*, 131 F.3d 1289 (9th Cir.1997); *see also McKenzie v. City of Chicago*, 118 F.3d 552, 558–59 (7th Cir.1997) (holding that notification of an agent in lieu of the principal comported with due process). TEFRA builds upon this common-law foundation and explicitly requires the tax matters partner to keep all other partners informed of FPAA's or administrative proceedings. *See* I.R.C. § 6223(g). The United States Tax Court has recently held that the notice provided to small-share partners under TEFRA complies with the constitutional requirements of due process. *See Brookes v. Commissioner of Internal Revenue*, 108 T.C. No. 1, 8, 1997 WL 1226 (1997); *see also Energy Resources, Ltd. v. Commissioner of Internal Revenue*, 91 T.C. 913, 916, 1988 WL 117397 (1988). The Ninth Circuit took the same view in another recent decision. *Walthall v. U.S.*, 131 F.3d 1289 (9th Cir.1997). Specifically, the Tax Court has approved the notice given to a small-share partner *of MCDA II* in a due process challenge identical to the Kaplans'. *Goldman v. Commissioner of Internal Revenue*, 71 T.C.M. (CCH) 3176, 1996 WL 315717 (1996), *aff'd. without opinion*, 112 F.3d 503 (2d Cir.1997). We agree with these courts that TEFRA's notice provisions are "reasonably calculated" to apprise all partners of tax adjustments and administrative proceedings involving the partnership.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of the Kaplans' complaint for lack of subject-matter jurisdiction and the grant of summary judgment to the Government on the Kaplans' constitutional claims.