**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LADD T. TUCEK; PHILAMENA
TUCEK,

      Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 98-9016
(T. C. No. 22346-88)
(Appeal from U.S. Tax Court)

---

VULCAN OIL TECHNOLOGY
PARTNERS, "Ray C. & Helen W.
Koernig, Jr.; James R. & Sally M.
Brusenhan; Floyd & Selwyn Wilson
and James D. Fisher, as partners";
VANGUARD OIL TECHNOLOGY
PARTNERS, "Johnny & Emalou Gaz,
as partners"; DRAKE OIL
TECHNOLOGY PARTNERS,
"Frederick J. & Kren A. Buckwald, as
partners"; DILLON OIL
TECHNOLOGY PARTNERS, "Ladd
T. Tucek, as a partner",

      Petitioners - Appellants,

No. 98-9017
(T.C. No. 21530-87)
(Appeal from U.S. Tax Court)

and

DERRINGER OIL TECHNOLOGY
PARTNERS 181; DERRINGER OIL
TECHNOLOGY PARTNERS 1982;
CROWNE OIL TECHNOLOGY
PARTNERS; CARLTON OIL
TECHNOLOGY PARTNERS, LTD;
AMERICAN ENERGY RESOURCES,
INC.; TAX MATTERS PARTNER,

 Petitioners,

v.

COMMISSIONER OF INTERNAL
REVENUE,

 Respondent - Appellee.

---

VULCAN OIL TECHNOLOGY
PARTNERS, "Floyd & Selwin Wilson;
David C. & Barbara J. Jonson; Ray C.
& Helen W. Koernig, Jr.; James R. &
Sally M. Brusenhan, as partners";
DILLON OIL TECHNOLOGY
PARTNERS, "Ladd T. Tucek and
James D. Fisher, as partners",

 Petitioners - Appellants,

 and

No. 98-9018
(T.C. No. 16768-88)
(Appeal from U.S. Tax Court)

VANGUARD OIL TECHNOLOGY PARTNERS; DRAKE OIL TECHNOLOGY PARTNERS; DERRINGER OIL TECHNOLOGY PARTNERS 1981; DERRINGER OIL TECHNOLOGY PARTNERS 1982; CROWNE OIL TECHNOLOGY PARTNERS; CARLTON OIL TECHNOLOGY PARTNERS, LTD; AMERICAN ENERGY RESOURCES, INC.; TAX MATTERS PARTNER,

 Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE,

 Respondent - Appellee.

---

VULCAN OIL TECHNOLOGY PARTNERS; VANGUARD OIL TECHNOLOGY PARTNERS; DERRINGER OIL TECHNOLOGY PARTNERS 1981; DERRINGER OIL TECHNOLOGY PARTNERS 1982; CROWNE OIL TECHNOLOGY PARTNERS; CARLTON OIL TECHNOLOGY PARTNERS, LTD; AMERICAN ENERGY RESOURCES, INC.; TAX MATTERS PARTNER,

 Petitioners,

 and

No. 98-9019
(T.C. No. 16768-88)
(Appeal from U.S. Tax Court)

DRAKE OIL TECHNOLOGY PARTNERS, "Stewart & Shirley Shaft, as partners"; DILLON OIL TECHNOLOGY PARTNERS, "Robert A. & Vernice A. Turner, as partners",

     Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

     Respondent - Appellee.

---

VULCAN OIL TECHNOLOGY PARTNERS; VANGUARD OIL TECHNOLOGY PARTNERS; DERRINGER OIL TECHNOLOGY PARTNERS 1981; DERRINGER OIL TECHNOLOGY PARTNERS 1982; CROWNE OIL TECHNOLOGY PARTNERS; CARLTON OIL TECHNOLOGY PARTNERS, LTD; AMERICAN ENERGY RESOURCES, INC.; TAX MATTERS PARTNER,

     Petitioners,

  and

DRAKE OIL TECHNOLOGY PARTNERS, "Stewart & Shirley Shart, as partners"; DILLON OIL,

No. 98-9020
(T.C. No. 21530-87)
(Appeal from U.S. Tax Court)

"Robert A. & Vernice A. Turner, as partners",

        Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent - Appellee.

---

EDWARD R. CHASE and SANDRA CHASE,

        Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent - Appellee.

No. 98-9022
(T.C. No. 21147-87)
(Appeal from U.S. Tax Court)

---

JOHN J. NERNEY; EMMIE P. NERNEY; EDWARD R. CHASE; SANDRA CHASE; THOMAS L. MCCAFFREY; KAY V. MCCAFFREY; WILLIAM T. MINTER; SUSAN MINTER; LARRY REEDER; ELLEN REEDER; DILLON OIL TECHNOLOGY

No. 98-9023
(T.C. No. 16768-88)
(Appeal from U.S. Tax Court)

PARTNERS; CARLTON OIL
TECHNOLOGY PARTNERS, LTD,

     Petitioners - Appellants,

 and

VULCAN OIL TECHNOLOGY
PARTNERS; VANGUARD OIL
TECHNOLOGY PARTNERS;
DRAKE OIL TECHNOLOGY
PARTNERS; DERRINGER OIL
TECHNOLOGY PARTNERS 1981;
DERRINGER OIL TECHNOLOGY
PARTNERS 1982; CROWN OIL
TECHNOLOGY PARTNERS;
AMERICAN ENERGY RESOURCES,
INC.; TAX MATTERS PARTNER,

     Petitioners,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent - Appellee.

_____

THOMAS L. MCCAFFREY; KAY V.
MCCAFFREY; and DILLON OIL
TECHNOLOGY PARTNERS,

     Petitioners - Appellants,

 and

No. 98-9024
(T.C. No. 21530-87)
(Appeal from U.S. Tax Court)

-6-

VULCAN OIL TECHNOLOGY
PARTNERS; VANGUARD OIL
TECHNOLOGY PARTNERS;
DRAKE OIL TECHNOLOGY
PARTNERS; DERRINGER OIL
TECHNOLOGY PARTNERS 1981;
DERRINGER OIL TECHNOLOGY
PARTNERS 1982; CROWNE OIL
TECHNOLOGY PARTNERS;
CARLTON OIL TECHNOLOGY
PARTNERS, LTD; AMERICAN
ENERGY RESOURCES, INC.; TAX
MATTERS PARTNER,

      Petitioners,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

---

## ORDER AND JUDGMENT[*]

---

Before **BRORBY**, and **LUCERO**, Circuit Judges and **WEST**, Senior District Judge[**].

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] The Honorable Lee R. West, Senior Judge, U.S. District Court for the Western District of Oklahoma, sitting by designation.

Appellants Vulcan Oil Technology Partners and other related partnerships (hereinafter "Vulcan Oil Partners") brought challenges in federal tax court to settlements offered to them by the Internal Revenue Service ("IRS") pursuant to a failed late-1970s and 1980s tax-shelter scheme. Vulcan Oil Partners challenged the IRS's notice procedures for settlements. The tax court denied relief in two opinions, one dealing with tax years 1979 through 1982 and the other dealing with tax years 1983 through 1985. See Estate of Campion v. Comm'r, 110 T.C. 165 (1998); Vulcan Oil Tech. Partners v. Comm'r, 110 T.C. 153 (1998). On appeal, Vulcan Oil Partners raise essentially two claims: (1) the tax court erred in holding the IRS had not violated duties to inform Vulcan Oil Partners of, and allow them to untimely participate in, earlier, more favorable settlements offered to related partnerships in the 1980s, pursuant to the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, 96 Stat. 324 (codified as amended in scattered sections of 26 U.S.C.), Tax Court Rule 248, and "general standards;" and (2) the tax court erred in holding the IRS had not committed fraud, malfeasance, or misrepresentation in not offering Vulcan Oil Partners the earlier, more favorable settlements. We exercise jurisdiction pursuant to 26 U.S.C. § 7482 and affirm the decision of the tax court.

**I**

Vulcan Oil Partners invested in an enterprise to extract oil from tar sands using unproven technologies, a scheme promising a $4 tax benefit for every $1 invested. This enterprise lasted from 1979 to 1985. But the IRS caught on. It offered settlements to Vulcan Oil Partners and the other related partnerships in lieu of filing suit against them, settlements which became progressively less favorable to Vulcan Oil Partners.

Some members of related partnerships accepted more favorable settlements from the IRS in 1986, 1987, and 1988. The IRS's more favorable settlements allowed partners to deduct all of their cash investments in the tax shelter but imposed interest penalties on unpaid taxes. None of the members of Vulcan Oil Partners settled at this time. In a test case decided in 1992, the tax court held that other tax shelter partnerships that had invested in the oil recovery scheme lacked a profit objective and therefore would not be allowed to claim tax benefits. See Krause v. Comm'r, 99 T.C. 132 (1992), aff'd sub nom. Hildebrand v. Comm'r, 28 F.3d 1024 (10th Cir. 1994). In Acierno v. Comm'r, 74 T.C.M. (CCH) 738 (1997), aff'd, 185 F.3d 861 (3d Cir. 1999), the tax court applied the holding in Krause to one of the partnerships in this action.

Following Hildebrand, almost all the members of Vulcan Oil Partners settled under less favorable terms, whereby the IRS allowed them no deductions

for their cash investments and imposed interest penalties. One member of Vulcan Oil Partners did not settle at all.

When those members of Vulcan Oil Partners decided to settle under less favorable terms, the IRS did not inform them of the previous, more favorable settlements it had offered in the 1980s to related partnerships. The IRS also did not allow Vulcan Oil Partners to participate in those more favorable settlements once Vulcan Oil Partners learned of the previous settlements.

**II**

We review tax court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). We review the tax court's factual findings under the clearly erroneous standard and review its legal conclusions de novo. We review mixed questions of law and fact either under the clearly erroneous standard or de novo, depending on whether the mixed question is primarily factual or legal. See Anderson v. Comm'r, 62 F.3d 1266, 1270 (10th Cir. 1995).

In claiming the IRS violated duties to inform them of and allow them to participate in the earlier settlements, appellants allege procedural duties under the TEFRA, Tax Court Rule 248, and "general standards."

First, with regard to TEFRA, all partners have a right—for a limited period of time—to participate in settlements offered to other partners. See 26 U.S.C.

§ 6224(c)(2). But the IRS has no statutory duty to inform all partners of settlement offers. TEFRA states that "the Secretary shall offer to any other partner <u>who so requests</u> settlement terms for the partnership taxable year which are consistent with those contained in such settlement agreement." <u>Id.</u> (emphasis added). Partners are assumed to have knowledge of settlement offers because, pursuant to TEFRA, the IRS informs designated contact-persons at partnerships—called Tax Matters Partners ("TMPs")—of all offers. <u>See</u> 26 U.S.C. § 6223(a) & (b); 26 C.F.R. § 301.6223(a)-1T & (b)-1T. Once the IRS notifies the TMPs of the settlement offer, it is the TMPs' responsibility, and not the responsibility of the IRS, to inform all of the other partners. <u>See</u> 26 U.S.C. § 6223(g); 26 C.F.R. § 301.6223(g)-1T; <u>see also</u> <u>Kaplan v. United States</u>, 133 F.3d 469, 475 (7th Cir. 1998) (explaining that "[t]his manner of notifying small-share partners . . . reflects a congressional decision to ease the administrative burden on the IRS. Section 6223(b) provides actual—but not personal—notice to all partners in light of the common-law principle of partnership law that notice to one general partner constitutes notice to all partners.").

After the IRS mails notice of the settlement offer—the "final partnership administrative adjustment" ("FPAA")—to the TMPs, all partners can participate in the offer until either "[t]he 150th day after the day on which the notice of [FPAA] is mailed to the TMP, or . . . [t]he 60th day after the day on which the

-11-

settlement was entered into," whichever comes later. 26 C.F.R. § 301.6224(c)-3T.

The tax court found that Vulcan Oil Partners had presented no evidence that the IRS had improperly failed to notify them through their TMPs of the earlier, more favorable settlements, pursuant to TEFRA, 26 U.S.C. § 6223(a). See Vulcan Oil Tech. Partners, 110 T.C. at 161. The court instead found that Vulcan Oil Partners had failed to participate in those settlements in timely fashion under TEFRA regulations, 26 C.F.R. § 301.6224(c)-3T, waiting a period of years before seeking to participate. See id. at 162. After thoroughly reviewing the record, we conclude that the tax court properly denied appellants' claim: The IRS did not breach its duties pursuant to TEFRA of informing appellants of, and allowing them to participate in, the earlier, more favorable settlements. In addition, the tax court was correct in holding that the consistent settlement provision of TEFRA did not apply to settlements involving partnership taxable years before Sept. 3, 1982. See TEFRA, Pub. L. No. 97-248, § 407(a)(1), 96 Stat. 324, 670; Estate of Campion, 110 T.C. at 169-70.

With regard to Tax Court Rule 248(c), the IRS is required under the rule to inform the TMP of the fact and terms of a settlement if the non-settling partners have not consented to the settlement agreement. But as the tax court pointed out, see Vulcan Oil Tech. Partners, 110 T.C. at 160-61, Rule 248 did not come into

-12-

effect until September 1, 1988, almost a year-and-a-half after the last cash settlements had been entered into. See 88 Tax Notes Today 116-43 (June 1, 1988). Thus, the IRS was under no obligation to comply with the rule for settlements entered into before that date. Moreover, based on our examination of the record, we agree with the tax court's finding that "there is no credible evidence that respondent [IRS] failed to comply with Rule 248(c)(2) after that date." Vulcan Oil Tech. Partners, 110 T.C. at 161.

Finally, with regard to IRS duties arising from "general standards," Vulcan Oil Partners argue that the "defective settlement procedure" followed by the IRS creates "an implied agreement which keeps the settlement offer open for curative ratification by the proper parties." (Appellants' Br. at 38). However, in the present case, even if Vulcan Oil Partners are correct that a "defective" procedure creates such an "implied agreement," Vulcan Oil Partners have failed to show any colorable "defective" IRS procedures, rendering inapposite their reference to the doctrine of "prior implied consent." Id. at 39.

### III

As for the claim of fraud, malfeasance, and misrepresentation by the IRS, there is simply no evidence cited in appellants' briefs for these allegations. Appellants cite "a pattern of IRS delaying tactics, avoidance, miscommunication, poor coordination, and double-talk concerning the existence of, the terms of, and

the applicability of the earlier global settlement offer." (Appellants' Br. at 56). As evidence of this "pattern," appellants cite "correspondence, inadequate response to discovery, evasive answers in later depositions and in the evidentiary hearing before the Court." Id. The tax court did not find evidence of any of these misdeeds, see Vulcan Oil Tech. Partners, 110 T.C. at 164; Estate of Campion, 110 T.C. at 171-72, and we likewise unearthed no such perfidies in our examination of the record. We find the appellants' assertions in this regard to be wholly conclusory and therefore meritless.

Because nothing in the record leads us to believe the IRS has breached its statutory or regulatory duties toward the appellants or has committed fraud, malfeasance, or misrepresentation, we find the appellants' claims to be meritless. The judgment of the tax court is AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge