T.C. Memo. 2002-52


UNITED STATES TAX COURT


DEAN MONAHAN AND ROSALIE MONAHAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16864-96.                    February 25, 2002.


<u>Tobias Weiss</u>, for petitioners.

<u>Andrew M. Winkler</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


SWIFT, <u>Judge</u>:  This case is before us on respondent's motion for entry of decision.  In an "affected-items" notice of deficiency, respondent determined additions to tax relating to petitioners' Federal income tax for 1982 as follows:

Additions to Tax

| Sec. | Amount |
| --- | --- |
| 6653(a)(1) | $ 2,225 |
| 6653(a)(2) | * |
| 6661 | 10,353 |

* 50 percent of interest due on related tax deficiency of $41,412.

After concessions, the threshold issue for decision is whether resolution in this case of underlying issues (namely, a statute of limitations defense and petitioners' liability for additions to tax) is controlled by resolution of similar underlying issues in a related case.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioners resided in Jupiter, Florida.

On December 29, 1982, petitioners invested $50,000 in a limited partnership known as Barrister Equipment Associates Series 112 (Barrister).

On Barrister's 1982 Federal partnership tax return, ordinary losses and investment tax credits were reported relating to works of literature and to microcomputer disks. On audit of Barrister in a partnership proceeding, respondent disallowed the claimed losses and credits.

In Anderson Equip. Associates, et al., Barrister Associates, Tax Matters Partner v. Commissioner, docket No. 27745-89, respondent's disallowance of the partnership losses and credits claimed by Barrister and by other related partnerships was challenged by Barrister and by the other partnerships.

On February 17, 1995, a settlement was entered into and an agreed decision was entered in Anderson Equip. Associates reflecting the disallowance of the losses and credits claimed by Barrister and by the other partnerships. With respect to petitioners, the disallowance of Barrister's claimed losses and credits resulted in a tax deficiency for petitioners for 1982 of $41,412.

On and about May 3, 1996, as a result of the disallowance of Barrister's claimed losses and credits, respondent issued affected-items notices of deficiency to petitioners and to the other limited partners of Barrister and of the other related partnerships. The affected-items notice of deficiency that petitioner received from respondent asserted, among other things, the additions to tax at issue herein.

Rosalie Monahan, a petitioner herein, also participated as an executrix for a relative in the related case of Chimblo v. Commissioner, 177 F.3d 119 (2d Cir. 1999), affg. T.C. Memo. 1997-535. Chimblo involved investments similar to those involved in

Barrister and a limited partnership that also was a party in Anderson Equip. Associates v. Commissioner, supra.

Our opinion in Chimblo v. Commissioner, supra, was filed in December of 1997. Therein, we sustained respondent's imposition of sections 6653(a)(1), (a)(2), and 6661 additions to tax.

On March 16, 1998, in the instant case, petitioners and respondent entered into a settlement stipulation, referred to by the parties as a piggyback agreement, which provided that all of the issues in the instant case would be resolved on the same basis as those issues are finally resolved in Chimblo v. Commissioner, supra. The stipulation specifically stated as follows:

> All of the remaining issues in this case shall be resolved on the same basis and by application of the same formula as that which resolves the like issues in the case in this Court of Catherine Chimblo and Estate of Gus Chimblo, Deceased, Catherine Chimblo, Executrix, Docket No. 16546-96 (hereafter the CONTROLLING CASE), as if Petitioners in this case were the same as the taxpayers in the CONTROLLING CASE. If an issue in the CONTROLLING CASE is appealed, the final decision, whether on appeal or on remand, shall be binding on the like issue in this case.

In a number of motions for continuance of scheduled trial dates (filed subsequently to the above March 16, 1998, settlement stipulation), the parties herein represented to the Court that all of the disputed issues in this case would be resolved on the

same basis as the final resolution of those issues in <u>Chimblo v. Commissioner</u>, <u>supra</u>. In a motion for continuance filed on August 31, 1998, the parties represented "that all of the issues in this case shall be resolved on the same basis as such issues are resolved in the case in this Court of * * * [<u>Chimblo</u>]". In a motion for continuance filed on December 15, 1999, the parties again represented "that all of the issues in this case shall be resolved on the same basis as such issues are resolved in the case in this Court of * * * [<u>Chimblo</u>]".

Based on the above representations, we granted the requested continuances of the scheduled trial dates, awaiting the outcome of the appeal to the Court of Appeals for the Second Circuit that had been filed in <u>Chimblo</u>.

Among other issues, the primary issue decided in <u>Chimblo</u> was whether individual partners could, in an affected-items proceeding, raise a statute of limitations issue relating to the audit of the underlying partnership where such statute of limitations issue had not been raised in the related partnership level proceeding. In its opinion filed on May 17, 1999, the Court of Appeals for the Second Circuit affirmed our decision in <u>Chimblo</u> and held that the failure to raise a statute of limitations issue in a partnership level proceeding precluded the issue being raised in an affected-items proceeding. <u>Chimblo v. Commissioner</u>, <u>supra</u> at 125. The Court of Appeals for the Second

Circuit also affirmed imposition against the taxpayers therein of additions to tax under sections 6653(a)(1), (a)(2), and 6661. Id.

OPINION

A settlement stipulation, such as a stipulation to be bound by a controlling case, is "in all essential characteristics a mutual contract * * * entitled to all of the sanctity of any other contract." Saigh v. Commissioner, 26 T.C. 171, 177 (1956). General principles of contract law are applied in construing such agreements. Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969).

As we understand the language of petitioners' and of respondent's March 16, 1998, settlement stipulation, it provides that all of the remaining issues in this case shall be resolved on the same basis as those issues are finally resolved in Chimblo v. Commissioner, supra.

As indicated, in Chimblo, the Court of Appeals for the Second Circuit concluded, as have other courts, that under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402, 96 Stat. 648, a statute of limitations defense regarding an adjustment to a "partnership item" must be raised in a partnership level proceeding. Chimblo v. Commissioner, supra at 125; Kaplan v. United States, 133 F.3d 469, 473 (7th Cir. 1998); Crowell v. Commissioner, 102 T.C. 683, 693 (1994); Saso v.

Commissioner, 93 T.C. 730, 734 (1989); Maxwell v. Commissioner, 87 T.C. 783, 788 (1986); Thomas v. United States, 967 F. Supp. 505, 506 (N.D. Ga. 1997).

The TEFRA partnership procedures are applicable to partnership taxable years beginning after September 3, 1982, the effective date of TEFRA.  TEFRA sec. 407, 96 Stat. 670.

Among other arguments, petitioners argue that Barrister's 1982 taxable year began before September 3, 1982, that the TEFRA partnerships procedures and the above cases are not applicable, and that petitioners individually, in the instant case, should be allowed to assert the statute of limitations as an affirmative defense.

If Barrister for its 1982 tax year was not to be governed by the TEFRA partnership proceedings, it would have been nonsensical for petitioners to enter into the above settlement stipulation to the effect that the issues in the instant case were to be controlled by Chimblo v. Commissioner, supra.  Further, petitioners did not invest in Barrister until December of 1982, and nothing in the record indicates that Barrister's taxable year began before December of 1982.

As the parties stipulated, the statute of limitations defense that petitioners would now assert is controlled by the resolution of that issue by the Court of Appeals for the Second

Circuit in <u>Chimblo</u>, and petitioners are not allowed to raise that issue in this case.

Other arguments made by petitioners have been considered and are without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.