T.C. Memo. 2008-167

UNITED STATES TAX COURT

NORMAN J. AND PAULA A. MCCONNELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13063-06.                    Filed July 14, 2008.

        R determined that Ps are liable for additions to
tax  pursuant to secs. 6653(a)(1) and (2) and 6661(a),
I.R.C., for their 1983 taxable year.

        <u>Held</u>:  Ps are liable for the additions to tax.

<u>Anthony V. Diosdi</u> and <u>Anita Steburg</u>, for petitioners.

<u>Andrew R. Moore</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

        WHERRY, <u>Judge</u>:  This case is before the Court on a petition
for redetermination of an affected items notice of deficiency in

which respondent determined that petitioners are liable for the following additions to tax:

| | Additions to Tax | | |
|---|---|---|---|
| Year | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661(a) |
| 1983 | $855.70 | [1] | $4,148.25 |

[1] 50 percent of the interest due on a deficiency of $17,114.

Unless otherwise indicated, section references are to the Internal Revenue Code, as amended and in effect for the taxable year at issue. The issues for decision are whether petitioners are liable for each of the additions to tax.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and the accompanying exhibits are hereby incorporated by reference into our findings. At the time they filed their petition, petitioners resided in California.

Petitioner Norman J. McConnell (Mr. McConnell) has a master's degree in business from the University of San Francisco. In 1983 he was vice president and sales manager of California Printing, a printing company in San Francisco, California.

That same year petitioners' neighbor and family friend, Army General Paul Vallely,[1] advised petitioners to invest in a limited partnership called Contra Costa Jojoba Research Partners (CCJRP),

---

[1] General Vallely's name is misspelled "Vallily" in the trial transcript and in petitioners' brief.

which was involved in the growing of jojoba beans. General Vallely informed petitioners that there was a small tax benefit associated with an investment in CCJRP. During 1983 petitioners acquired 20 units in CCJRP for $55,000, or $2,750 per unit. They paid $22,000 upon closing and signed a promissory note for the remaining $33,000.

Petitioners were provided copies of a "Certificate and Agreement of Limited Partnership", "Research and Development Agreement", and "License Agreement" pertaining to their interest in CCJRP. They did not provide those documents to an attorney or accountant for review. In addition to their investment in CCJRP, petitioners invested in stocks, mutual funds, options, and other partnerships.

In 1983, the taxable year at issue, CCJRP filed with the Internal Revenue Service and provided to petitioners a Schedule K-1, Partner's Share of Income, Credits, Deductions, Etc., in which CCJRP allocated to petitioners an ordinary loss of $50,000. In turn, petitioners on their 1983 joint Form 1040, U.S. Individual Income Tax Return, claimed an ordinary loss relating to their interest in CCJRP of $50,000 as a deduction in computing their total income. Ed Klein (Mr. Klein), a professional tax

preparer, prepared petitioners' 1983 joint Federal income tax return.[2]

On May 30, 1989, respondent sent petitioners a notice of final partnership administrative adjustment (FPAA) issued to CCJRP for the 1983 taxable year.  On July 13, 1989, a petition in the name of CCJRP, Charles B. Toepfer, Tax Matters Partner, was filed with the Court at docket No. 17323-89.  On January 28, 1994, the parties filed a stipulation to be bound by the result in Utah Jojoba I Research v. Commissioner (Utah Jojoba I), a case docketed at No. 7619-90.

The Court issued an opinion in Utah Jojoba I on January 5, 1998, in which it held that the partnership at issue in that case was not entitled to deduct its losses for research and development expenditures.  See Utah Jojoba I Research v. Commissioner, T.C. Memo. 1998-6.  On April 11, 2005, the Court entered a decision against CCJRP upholding as correct the partnership item adjustments as determined and set forth in the FPAA for, among other years, CCJRP's 1983 taxable year.  That decision was not appealed.

On April 10, 2006, respondent issued the aforementioned notice of deficiency.  Petitioners then filed a timely petition

---

[2]Ed Klein's last name is misspelled "Klien" throughout petitioner's brief and reply brief.

with this Court.  A trial was held on May 16, 2007, in San Francisco, California.

OPINION

I.  Statute of Limitations

In general, section 6501(a) provides that the amount of any tax imposed shall be assessed within 3 years after the return was filed.  However, with respect to partnership and affected items, section 6229(a) provides that the period for assessing tax shall not expire before the date which is 3 years after the later of: (1) The date on which the partnership return for such taxable year was filed, or (2) the last day for filing such return for such year.[3]  Section 6501(a) is a true statute of limitations; section 6229(a) is not.  See Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 542 (2000) ("Section 6229 provides a minimum period of time for the assessment of any tax attributable to partnership items (or affected items) notwithstanding the period provided for in section 6501, which is ordinarily the maximum period for the assessment of any tax."); see also G-5 Inv. Pship. v. Commissioner, 128 T.C. 186, 189-190 (2007) ("Section 6229 is not a stand-alone statute of limitations but can extend the section

_____

[3]The additions to tax at issue are affected items, as defined in sec. 6231(a)(5), that require partner-level determinations but are subject to sec. 6229(a).  See Ruggiero v. Commissioner, T.C. Memo. 2001-162.

6501 period of limitations with respect to the tax attributable to partnership items or affected items.").

Section 6229(d) provides that the mailing of an FPAA suspends the running of both 3-year periods--the section 6501(a) period and the section 6229(a) period.  See <u>Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner</u>, <u>supra</u> at 542 (holding that "section 6229 extends the section 6501 period with respect to tax attributable to partnership items or affected items"); <u>id.</u> at 555 ("Interpreting 'the period specified in subsection (a)' in section 6229(d) as referring only to the minimum period for making assessments would produce additional anomalous results.").[4]  The suspension is for the period during

---

[4]To the best of our knowledge, the Court of Appeals for the Ninth Circuit, to which an appeal lies in this case absent stipulation to the contrary, has not ruled on this issue.  The two Courts of Appeals that have considered this issue--the Court of Appeals for the D.C. Circuit and the Court of Appeals for the Federal Circuit--have endorsed our decision in <u>Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner</u>, 114 T.C. 533 (2000).  See <u>AD Global Fund, LLC v. United States</u>, 481 F.3d 1351, 1354 (Fed. Cir. 2007) ("Reading § 6229(a) together with § 6501, we conclude that § 6229(a) unambiguously sets forth a minimum period for assessments of partnership items that may extend the regular statute of limitations in § 6501."); <u>Andantech L.L.C. v. Commissioner</u>, 331 F.3d 972, 976 (D.C. Cir. 2003) ("Applying those standards to the record before us, we first affirm the Tax Court's interpretation of two sections of the Internal Revenue Code, 26 U.S.C. §§ 6501; 6229(a), to allow for an extension of the period in which the IRS may properly assess items attributable to a partnership."), affg. in part and remanding in part T.C. Memo. 2002-97; <u>id.</u> at 977 ("The language of § 6501 plainly refers to all the assessments made pursuant to the chapter, and specifically notes that § 6229 may be used to extend the period in case of partnership items.").

which an action for judicial review of the FPAA may be brought (and, if an action is brought, until the decision of the court has become final) and for 1 year thereafter. See sec. 6229(d); Ruggiero v. Commissioner, T.C. Memo. 2001-162. A statute of limitations defense relating to the issuance of an FPAA must be raised during the partnership-level proceeding and cannot be raised at the partner-level proceeding. See Crowell v. Commissioner, 102 T.C. 683, 693 (1994); see also Davenport Recycling Associates v. Commissioner, 220 F.3d 1255, 1260-1261 (11th Cir. 2000), affg. T.C. Memo. 1998-347; Chimblo v. Commissioner, 177 F.3d 119, 125-126 (2d Cir. 1999), affg. T.C. Memo. 1997-535; Kaplan v. United States, 133 F.3d 469, 473 (7th Cir. 1998).

Petitioners argue that because respondent issued the FPAA more than 3 years after the date on which CCJRP's 1983 partnership return was due to be filed, there can be no proceedings to adjust petitioners' income or losses reported on their 1983 joint Federal income tax return. Petitioners rely primarily on dissenting opinions in Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, supra, for the proposition that section 6229(d) should not suspend the section 6501 limitations period. Respondent cites Crowell v. Commissioner, supra, and asserts that petitioners cannot raise the issue of

whether the FPAA was issued within the limitations period in this partner-level proceeding.

We agree with respondent that whether the FPAA was issued to CCJRP within the applicable period in section 6229(a) is not now at issue. Petitioners conveniently ignore that a statute of limitations defense predicated on facts relating to the issuance of an FPAA must be raised at the partnership level.[5] See <u>Crowell v. Commissioner</u>, <u>supra</u> at 693 ("We conclude that the statute of limitations defense as it pertains to the FPAA for 1983 should have been prosecuted within the context of a partnership level proceeding and is not properly before us in this proceeding."); see also <u>Davenport Recycling Associates v. Commissioner</u>, <u>supra</u> at 1260-1261; <u>Chimblo v. Commissioner</u>, <u>supra</u> at 125-126; <u>Kaplan v. United States</u>, <u>supra</u> at 473. Consequently, we look only to whether the notice of deficiency issued to petitioners in April 2006 was timely.

In April 2005 the Court entered a decision against CCJRP upholding as correct the partnership item adjustments as determined and set forth in the FPAA for CCJRP's 1983, 1984, and 1985 taxable years. That decision was not appealed. Because a

---

[5]<u>Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner</u>, <u>supra</u>, involved a partnership-level proceeding. Thus, even assuming arguendo that the Court could be persuaded to overrule that Opinion and adopt the dissenters' position in that case, this case, which involves a partner-level proceeding, would be an improper vehicle for doing so.

decision becomes final 90 days after it is entered if it is not appealed, the Court's decision became final in July 2005. See secs. 7481(a)(1), 7483. Because the limitations period in this case expired in July 2006, 1 year and 90 days after the Court's April 2005 decision was entered, the notice of deficiency mailed to petitioners in April 2006 was timely.

## II. Additions to Tax Under Section 6653(a)(1) and (2)

Section 6653(a)(1) and (2) imposes additions to tax if any part of any underpayment of tax is due to negligence or disregard of rules and regulations.[6] For the purposes of this statute, negligence is defined as a "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964) and T.C. Memo. 1964-299).

The Court of Appeals for the Ninth Circuit, to which an appeal would ordinarily lie in this case, has held that a determination as to negligence for purposes of sections 6653(a)

---

[6]Those additions to tax are for: (1) An amount equal to 5 percent of the underpayment and (2) an amount equal to 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment which is attributable to negligence. That interest on which the penalty is computed is the interest for the period beginning on the last date prescribed by law for payment of such underpayment (without consideration of any extension) and ending on the date of the assessment of the tax. Sec. 6653(a)(1) and (2).

and 6661(a) in a case involving a deduction for loss that results from an investment "depends upon both the legitimacy of the underlying investment, and due care in the claiming of the deduction." Sacks v. Commissioner, 82 F.3d 918, 920 (9th Cir. 1996), affg. T.C. Memo. 1994-217.

Petitioners contend that they were not negligent because they were unfamiliar with tax law, made full disclosure to their tax preparer, Mr. Klein, and exercised ordinary business care and prudence. Regarding petitioners' investment in CCJRP, respondent argues that petitioners were not reasonable because they: (1) Relied on General Vallely, a promoter of CCJRP, who had no apparent expertise in jojoba farming, (2) did not undertake a meaningful investigation of jojoba farming before investing in CCJRP, and (3) sought no independent advice before investing in CCJRP. With respect to petitioners' asserted reliance on Mr. Klein, respondent argues that the record is devoid of evidence that Mr. Klein was provided with the agreements pertaining to petitioners' investment in CCJRP or that he conducted any research into the nature of that investment.

As explained below, although reasonable reliance on professional advice may serve as a defense to the additions to tax for negligence, see United States v. Boyle, 469 U.S. 241, 251 (1985), petitioners have not demonstrated that they acted with

due care with respect to their investment in CCJRP and subsequent deduction claimed in 1983 for a loss relating to that investment.

CCJRP's underlying activity lacked legitimacy, as we decided in Utah Jojoba I. See <u>Utah Jojoba I Research v. Commissioner</u>, T.C. Memo. 1998-6 ("we hold that Utah I was not actively involved in a trade or business and also lacked a realistic prospect of entering a trade or business"); see also <u>Welch v. Commissioner</u>, T.C. Memo. 2002-39. Petitioners, at least one of whom was a well-educated individual and a sophisticated investor and neither of whom had any background or expertise in jojoba farming, invested in CCJRP solely upon the advice of General Vallely, a promoter of CCJRP, without first conducting their own research or seeking independent advice regarding the risks and tax implications of that investment.[7] See <u>LaVerne v. Commissioner</u>, 94 T.C. 637, 652 (1990) ("The failure of petitioners to look beyond the promotional materials supplied by the salespeople or to consult independent advisors on so complex a matter as the proposed investments in the Barbados partnerships is unreasonable and is not in keeping with the standard of the ordinarily prudent person."), affd. without published opinion 956 F.2d 274 (9th Cir.

---

[7]At trial Mr. McConnell testified that in 1983 General Vallely was a "retired army general". The Court believes that General Vallely retired from the U.S. Army in 1991 as a Major General. In any event, General Vallely had a military background. There is no evidence that he was qualified to provide investment advice.

1992), affd. without published opinion sub nom. <u>Cowles v. Commissioner</u>, 949 F.2d 401 (10th Cir. 1991).[8]

Nor does the fact that a professional tax preparer prepared petitioners' 1983 joint Federal income tax return shield them from liability for the section 6653(a)(1) and (2) additions to tax.  There is no evidence in the record that Mr. Klein was a competent tax professional or that Mr. Klein did anything more than transfer the losses from the Schedule K-1 provided by CCJRP onto petitioners' return.  Moreover, Mr. McConnell expected a tax benefit associated with his investment in CCJRP not on the advice of a tax professional but on the advice of General Vallely, who had no demonstrated tax expertise.

In the end, the record is devoid of evidence that a fully informed, competent tax professional advised petitioners

---

[8]We note that this case is distinguishable from <u>Kantor v. Commissioner</u>, 998 F.2d 1514 (9th Cir. 1993), affg. in part and revg. in part T.C. Memo. 1990-380.  In <u>Kantor</u> the Court of Appeals for the Ninth Circuit reversed this Court's affirmance of the imposition of a sec. 6653(a) addition to tax on the basis that the experience and involvement of the general partner and the lack of warning signs could reasonably have led investors to believe that they were entitled to deductions in light of the undeveloped state of the law regarding sec. 174.  The Court of Appeals explained that the Supreme Court's decision in <u>Snow v. Commissioner</u>, 416 U.S. 500 (1974), left unclear the extent to which research must be "in connection with" a trade or business for purposes of qualifying for an immediate deduction under sec. 174.  See, e.g., <u>Nilsen v. Commissioner</u>, T.C. Memo. 2001-163. Unlike the partnership in <u>Kantor</u>, CCJRP was neither engaged in a trade or business nor conducting research and development, either directly or indirectly.  See <u>Utah Jojoba I Research v. Commissioner</u>, T.C. Memo. 1998-6.

regarding the propriety of their claimed $50,000 deduction in 1983 for losses relating to their investment in CCJRP. That is particularly troublesome considering that petitioners invested $22,000 in CCJRP in 1983 and that same year claimed a $50,000 deduction for a loss relating to that investment.[9] Under the circumstances, petitioners acted with a lack of due care in claiming as a deduction on their 1983 joint Federal income tax return an ordinary loss of $50,000 relating to their interest in CCJRP. Consequently, petitioners are liable for the section 6653(a)(1) and (2) additions to tax.

III. Addition to Tax Under Section 6661(a)

Section 6661(a) provides for an addition to tax of 25 percent of the amount of any underpayment attributable to a substantial understatement.[10] There is a "substantial understatement" of income tax for any taxable year where the amount of the understatement exceeds the greater of: (1) 10 percent of the tax required to be shown on the return for the taxable year or (2) $5,000. Sec. 6661(b)(1). However, the amount of the understatement is reduced to the extent

---

[9]Although petitioners also signed a promissory note for $33,000, there is no evidence as to whether they ever made payments on that note.

[10]In 1983 sec. 6661(a) provided for a 10-percent addition to tax. The amount of the sec. 6661(a) addition to tax was later increased to 25 percent for additions to tax assessed after Oct. 21, 1986. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1951.

attributable to an item: (1) For which there is or was substantial authority for the taxpayer's treatment thereof or (2) with respect to which the relevant facts were adequately disclosed on the taxpayer's return or an attached statement. See sec. 6661(b)(2)(B).[11]

Petitioners raise a number of arguments regarding the section 6661(a) addition to tax. First, they argue that applying a 25-percent rate versus the 10-percent rate that was in the statute in 1983 violates the Due Process Clause of the Fifth Amendment to the Constitution.[12] Next, they contend that respondent's failure to waive the section 6661(a) addition to tax constitutes an abuse of discretion in light of the fact that petitioners were motivated to invest in CCJRP by the hysteria surrounding alternative energy during the energy crisis of the

---

[11]Where the understatement at issue is attributable to a tax shelter, adequate disclosure is inconsequential; and in addition to substantial authority, the taxpayer must demonstrate a reasonable belief that the tax treatment claimed was more likely than not proper. Sec. 6661(b)(2)(C). Because the result would be the same whether or not we label CCJRP a tax shelter, we will analyze petitioners' entitlement to a reduction of the sec. 6661(a) addition to tax as though CCJRP were not a tax shelter.

[12]Although petitioners acknowledge the Court of Appeals for the Ninth Circuit's decision in Licari v. Commissioner, 946 F.2d 690 (9th Cir. 1991), affg. T.C. Memo. 1990-4, they contend that this case is distinguishable from Licari because the facts and circumstances of this case make the retroactive application of the increased rate "so harsh and oppressive as to transgress constitutional limitations." They rely primarily on the fact that more than 22 years passed between the filing of their 1983 tax return and the issuance of the notice of deficiency.

late 1970s and early 1980s.  Finally, they assert that they are not liable for the section 6661(a) addition to tax because in investing in CCJRP and claiming the subsequent deduction for a loss related to that investment, they were acting in reasonable reliance on the advice of General Vallely and Mr. Klein.

Responding to petitioners' first argument, respondent contends that the Court of Appeals for the Ninth Circuit, in Licari v. Commissioner, 946 F.2d 690 (9th Cir. 1991), affg. T.C. Memo. 1990-4, found that the retroactive increase of the section 6661(a) addition to tax rate does not violate the Due Process Clause.  In response to petitioners' waiver argument, respondent asserts that there is no evidence that petitioners ever requested a waiver and that the Court therefore has no basis to review respondent's determination for abuse of discretion.  Finally, with respect to petitioners' argument regarding reasonable reliance, respondent asserts that any such claim is negated by petitioners' admitted failure to supply Mr. Klein with all of the documentation relating to their investment in CCJRP.  As explained below, we agree with respondent in all relevant respects.

The facts underlying the Court of Appeals' decision in Licari are not distinguishable from the facts of petitioners' case in any meaningful way.  Petitioners place great significance on the fact that the April 2006 notice of deficiency was issued

to them more than 22 years after they filed their 1983 tax return.  However, the long time between the filing of their 1983 tax return and the issuance of that notice of deficiency bears no relationship to the period of retroactivity of the increased section 6661(a) addition to tax rate now at issue.  That is because the retroactivity of the increased section 6661(a) addition to tax is measured from when the change in law occurred, not from when the notice of deficiency was issued.  Section 6661(a) was amended in 1986, making it retroactive for 3 years, not 22 years, in petitioners' case.  Because the earliest taxable year at issue in Licari was 1982, the period of retroactivity in this case, which involves petitioners' 1983 taxable year, is even shorter than the period of retroactivity at issue in Licari.  While retroactive changes in tax laws may be inequitable or represent poor tax policy, we are unpersuaded by petitioners' constitutional due process contention.

Because petitioners neither have sought nor were denied a waiver of the section 6661(a) addition to tax, we cannot find that respondent abused his discretion in failing to waive the addition to tax.  See Dugow v. Commissioner, T.C. Memo. 1993-401, affd. without published opinion 64 F.3d 666 (9th Cir. 1995); see also McCoy Enters. Inc. v. Commissioner, 58 F.3d 557, 563-564 (10th Cir. 1995), affg. T.C. Memo. 1992-693.  Moreover, in light of our earlier conclusions regarding petitioners' lack of due

care with respect to their 1983 deduction, petitioners have not demonstrated that they satisfied the reasonable cause and good faith tests necessary to obtain a waiver. See Finazzo v. Commissioner, T.C. Memo. 2002-56 ("Even if petitioners had requested a waiver under section 6661(c), the record demonstrates that they failed to act reasonably and in good faith in deducting the claimed loss".); see also sec. 1.6661-6, Income Tax Regs.

Finally, although section 6661(b)(2)(B) does allow for the reduction of an understatement under the circumstances described above, see supra p. 14, petitioners do not meet the criteria for such a reduction.

Petitioners do not argue that they possessed substantial authority for claiming the loss on their 1983 Federal income tax return, and they have not demonstrated that they adequately disclosed the facts relevant to their investment in CCJRP on their 1983 Federal income tax return or on an attached statement.

Rev. Proc. 83-21, 1983-1 C.B. 680, applicable to tax returns filed in 1983, lists information which is deemed sufficient disclosure with respect to certain items, none of which are involved in this case. Notwithstanding the inapplicability of Rev. Proc. 83-21, supra, a taxpayer may make adequate disclosure if the taxpayer provides sufficient information on the return to enable the Commissioner to identify the potential controversy involved. See Schirmer v. Commissioner, 89 T.C. 277, 285-286

(1987).  However, "Merely claiming the loss, without further explanation," as petitioners did, was insufficient to alert respondent to the controversial nature of the partnership loss claimed on the tax return.  See Robnett v. Commissioner, T.C. Memo. 2001-17.  In addition, petitioners did not attach any statement to their 1983 return.  As a result, the Court sustains the imposition of a section 6661(a) addition to tax.

The Court has considered all of petitioners' contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered

for respondent.