T.C. Memo. 2021-119

UNITED STATES TAX COURT

RONALD M. GOLDBERG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12871-18L.                    Filed October 19, 2021.

Ronald M. Goldberg, pro se.

<u>Eugene A. Kornel</u>, <u>Alexander R. Roche</u>, and <u>Mayer Y. Silber</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  This case is before the Court on a petition for review of a

Notice of Determination Concerning Collection Action(s) under Section 6320

and/or 6330 dated June 1, 2018, sustaining a notice of intent to levy for petitioner's

[*2] 1998 and 2000 tax years (notice of determination).[1]  Petitioner, Ronald

Goldberg, was a partner in two oil and gas partnerships.  The partnerships were

both subject to audit and litigation procedures under the Tax Equity and Fiscal

Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat.

at 648, which resulted in administrative adjustments to the partnerships'

informational tax returns.  Because partnerships are not themselves taxable entities,

the notice of determination sought to enforce the assessment of Mr. Goldberg's

share of the partnership-level adjustments against him in his individual capacity as

a tax-paying partner.

Mr. Goldberg and the Commissioner have both filed motions for summary

judgment.  The central issue is whether Mr. Goldberg is prohibited from now

challenging his underlying tax liabilities because of his failure to challenge an

earlier Notice of Federal Tax Lien Filing and Your Right to a Hearing under

section 6320 (NFTL filing) or because of his nonparticipation in the even earlier

TEFRA proceedings and Tax Court litigation.

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules
of Practice and Procedure, and all section references are to the Internal Revenue
Code in effect at all relevant times.

**[\*3]**   This case is ripe for summary judgment because there are no genuine disputes of material fact; the only questions remaining before the Court are questions of law.  For the reasons set forth below, the Court will deny Mr. Goldberg's motion and grant the Commissioner's motion.

Background

The following facts are derived from the parties' pleadings and motion papers, including exhibits and affidavits.  See Rule 121(b).  Petitioner resided in Illinois when he timely filed his petition.

Mr. Goldberg was an investor and partner in two oil and gas partnerships: (1) Matador Arch Program (Matador) and (2) Alpha Oil Program (Alpha).  Mr. Goldberg timely filed joint income tax returns for his 1998 and 2000 taxable years.[2]  The salient facts are as follows.

Both Matador and Alpha were subject to the audit and litigation procedures found at sections 6221 through 6234, commonly referred to as TEFRA.  The Commissioner timely assessed the tax and penalties related to the TEFRA

---

[2] Mr. Goldberg filed a joint return with his spouse, Gail Goldberg.  This matter relates only to Mr. Goldberg; Mrs. Goldberg has a separate action pending before this Court.  See Goldberg v. Commissioner, T.C. Dkt. No. 13148-18L.  For simplicity, and since Mr. and Mrs. Goldberg have separate pending actions, the Court will refer to Mr. Goldberg's tax returns and taxable years in the singular throughout, despite the Goldbergs' having filed joint returns.

**[*4]** proceedings for tax year 1998 (Matador) on September 9, 2014, and for tax year 2000 (Alpha) on April 28, 2014. On April 7, 2015, the Commissioner issued Mr. Goldberg an NFTL filing informing him that a notice of Federal tax lien was filed for his 1998 and 2000 income tax liabilities.

Mr. Goldberg did not timely challenge the NFTL filing by requesting a section 6320 hearing or submitting Form 12153, Request for a Collection Due Process or Equivalent Hearing.[3]

Levy and CDP Hearing

On December 2, 2015, the Commissioner issued Mr. Goldberg a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, for his 1998 and 2000 taxable years (levy notice). Mr. Goldberg timely challenged the levy notice by submitting Form 12153 on December 20, 2015, requesting, among other things, a collection due process (CDP) hearing.

---

[3] In response to the NFTL filing, Mr. Goldberg made an untimely request for a collection due process hearing. The Commissioner granted Mr. Goldberg an equivalent hearing and then issued a decision letter. A decision letter arising from an equivalent hearing is not a notice of determination sufficient to invoke this Court's jurisdiction under sec. 6320 or 6330. Kennedy v. Commissioner, 116 T.C. 255, 262-263 (2001). By order dated October 9, 2018, this Court dismissed for lack of jurisdiction Mr. Goldberg's petition inasmuch as it challenged the merits of the equivalent hearing.

[*5]    Mr. Goldberg's CDP hearing was assigned to a settlement officer in the Internal Revenue Service (IRS) Office of Appeals (Appeals).  Prior to the CDP hearing, the settlement officer verified that all applicable laws and procedures had been met.  This included verifying that she had no prior involvement with Mr. Goldberg and reviewing the case transcripts to confirm that the assessment for each tax period listed on the CDP notice was valid and proper and that notice had been mailed to Mr. Goldberg's last known address.  On April 14, 2016, the settlement officer issued a letter to Mr. Goldberg confirming that the IRS received his request for a CDP hearing; in return, the letter asked Mr. Goldberg to provide his legal grounds for raising the liability issue, as well as any information pertaining to an alternative collection method.  Lastly, the settlement officer reviewed the prior Tax Court partnership decisions relating to Mr. Goldberg's partnership interests.

The CDP hearing was held on June 8, 2016, and the settlement officer had additional discussions with Mr. Goldberg's representative through December 2017.  Mr. Goldberg did not propose any collection alternatives during the hearing or any of the additional discussions; instead, he challenged his underlying income tax liabilities, which included the underlying TEFRA adjustments.  The settlement officer informed Mr. Goldberg during a December 1, 2017, telephone conference

[*6] that Mr. Goldberg could no longer challenge his underlying income tax liabilities because they were litigated at the partnership level in the Tax Court and thus could not be challenged at the partner level in collections. As a result, Appeals sustained the proposed collection action in a notice of determination dated June 1, 2018.

Previous TEFRA Proceedings

Long before the NFTL filing, levy notice, and CDP hearing, both partnerships--Matador and Alpha--were the subjects of separate TEFRA proceedings. The Commissioner examined Matador's 1998 information return and Alpha's 2000 information return. He then issued Mr. Goldberg a notification of beginning of administrative proceeding (NBAP) on September 4, 2001, for Matador's 1998 tax year. The Commissioner similarly issued Mr. Goldberg an NBAP on October 8, 2002, for Alpha's 2000 tax year. Mr. Goldberg maintains that he never received the respective NBAPs.

On November 27, 2007, the Commissioner issued a notice of final partnership administrative adjustment (FPAA) to Mr. Goldberg for Matador's 1998 tax year. On December 3, 2007, the Commissioner issued an FPAA to Mr.

[*7] Goldberg for Alpha's 2000 tax year.[4] Matador's tax matters partner (TMP), Ogden Drilling Management, Inc., a Utah corporation, timely petitioned this Court on February 19, 2008, for readjustment of the partnership items set forth in Matador's FPAA. See Matador Arch Program, Ogden Drilling Mgmt., Inc., Tax Matters Partner v. Commissioner, T.C. Dkt. No. 4192-08. Carthage Oil Management Corp., a Utah corporation, as Alpha's TMP, also timely petitioned this Court on February 19, 2008, for readjustment of the partnership items set forth in Alpha's FPAA. See Alpha Oil Program, Carthage Oil Mgmt. Corp., Tax Matters Partner v. Commissioner, T.C. Dkt. No. 4113-08.

During the pendency of the TEFRA proceedings in the Tax Court, Mr. Goldberg sent the Commissioner a letter, dated October 5, 2010, stating Mr. Goldberg's position that the period of limitations had expired with respect to the TEFRA proceedings. The Commissioner's counsel responded on October 8, 2010, and explained why the Commissioner took the position that the period of limitations had not expired: "Indeed, the * * * [TMPs] in both the Alpha Program and Matador Program cases have challenged and are continuing to challenge the

---

[4] The record includes certified mailing lists for the Matador and Alpha FPAAs. Furthermore, Mr. Goldberg makes no allegation that he failed to receive either FPAA.

**[*8]** Service's determinations.  If you continue to disagree with respondent regarding this matter and wish to pursue it further, you should pursue it formally in the Alpha Program and Matador Program cases."  However, Mr. Goldberg never formally pursued his period of limitations argument by raising it in the TEFRA proceedings as an affirmative defense under Rule 39.

This Court entered final decisions regarding Matador's and Alpha's TEFRA proceedings, pursuant to Rule 248(b), on June 12 and June 13, 2013, respectively.  None of Matador's or Alpha's partners filed any objections to the settlements.  The Court's decisions became final without appeal 90 days after the decisions were entered on September 10, 2013, for Matador, and September 11, 2013, for Alpha, pursuant to Rule 190.

Assessment of Partnership Item Adjustments

The Commissioner sent a letter to Mr. Goldberg on February 13, 2014, along with Form 4549-A, Income Tax Examination Changes, explaining the adjustments to Mr. Goldberg's 2000 income tax return flowing from the partnership-level adjustments in this Court's final decision in the Alpha case.  Mr. Goldberg filed a protest on March 14, 2014, arguing his disagreement with the adjustments.  The Commissioner responded to Mr. Goldberg in an August 20, 2014, letter in which the Commissioner stated that Mr. Goldberg's protest would not be considered

**[*9]** because it raised substantive issues which should have been raised during the TEFRA proceedings. See sec. 6230(c)(4).

On September 9, 2014, the Commissioner sent Mr. Goldberg a Letter 4735, Notice of Computational Adjustment,[5] along with Form 4549-A, setting forth the adjustments to Mr. Goldberg's 1998 income tax return flowing from the partnership-level adjustments in this Court's final decision in the Matador case. The Letter 4735 was sent via the regular mail service of the U.S. Postal Service (USPS). See Internal Revenue Manual pt. 4.31.3.13.6.1(8) (June 11, 2013).

Regarding the partnership-level proceedings, Mr. Goldberg alleges that he never received an NBAP for either Matador or Alpha and cites the certified mailing list for Matador's 1998 tax year, which neither was signed by a USPS employee nor included a count of the number of pieces of mail which the USPS received from the Commissioner. Before the CDP hearing, Mr. Goldberg made Freedom of Information Act (FOIA) requests for the certified mailing list for the Matador and Alpha NBAPs. Mr. Goldberg further alleges that the certified mailing list for Alpha's 2000 tax year was never produced and that the settlement

---

[5] The term "computational adjustment" means "the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item." Sec. 6231(a)(6).

[*10] officer did not properly consider all the FOIA requests because some were still in process during the CDP hearing. Ultimately, none of Mr. Goldberg's allegations regarding the certified mailing lists affects the outcome of this case.

The Commissioner filed a motion for summary judgment under Rule 121. Along with his motion, the Commissioner filed account transcripts, a declaration of the IRS supervisory tax examining technician who maintains certified mail listing records, and a declaration of the settlement officer. Mr. Goldberg filed a response, and the Commissioner filed a reply. Mr. Goldberg also filed his own motion for summary judgment, to which the Commissioner has filed a response.

Discussion

I.      Summary Judgment

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). It is not, however, a substitute for trial and should not be used to resolve genuine disputes over issues of material fact. E.g., Vallone v. Commissioner, 88 T.C. 794, 801-805 (1987). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The moving party has the burden of showing

**[\*11]** the absence of a genuine dispute of material fact.  FPL Grp., Inc. v. Commissioner, 115 T.C. 554, 559 (2000); Bond v. Commissioner, 100 T.C. 32, 36 (1993); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  For these purposes, the Court affords the party opposing the motion the benefit of all reasonable doubt, and the Court views the material submitted by both sides in the light most favorable to the opposing party.  That is, the Court resolves all doubts as to the existence of an issue of material fact against the movant.  Sundstrand Corp. v. Commissioner, 98 T.C. at 520; see, e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  However, where the moving party properly makes and supports a motion for summary judgment, the opposing party "may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); see also Naftel v. Commissioner, 85 T.C. at 529.

II.    Analysis

Mr. Goldberg's motion for summary judgment seeks to void the Commissioner's deficiency determination (a) by collaterally attacking the underlying TEFRA proceedings as untimely, see sec. 6501(a) (imposing a three-year limitations period for assessing taxes), and (b) for failure to give adequate notice by untimely issuing the NBAPs.  The gravamen of Mr. Goldberg's period of

[*12] limitations argument is that the TMPs' consents to extensions of the period of limitations in the TEFRA actions were invalid[6] and that the Commissioner's failure to timely deliver NBAPs precluded Mr. Goldberg from obtaining remedies. The Court finds it unnecessary to address the merits of Mr. Goldberg's period of limitations argument because this Court will hold that Mr. Goldberg cannot now raise a challenge to the period of limitations; for that reason, this Court will also deny his motion.

Specifically, Mr. Goldberg cannot now demand a de novo review of his underlying liabilities for timely assessed partnership liabilities for multiple reasons. First, he failed to raise his underlying liabilities by timely challenging the earlier NFTL filing. Second, the FPAAs were validly issued, and Mr. Goldberg had actual notice of the TEFRA litigation but neither participated in nor made section 6223(e) elections to convert the proceedings to partner-level challenges (nor did he seek, pursuant to Rule 250, to remove the TMPs to whom he now objects).

The Commissioner's motion for summary judgment argues that a challenge to the period of limitations in a TEFRA proceeding is a challenge to the underlying

---

[6] Under Rule 250, this Court may remove a TMP for cause and appoint another partner as TMP if the partnership fails to designate a successor, but Mr. Goldberg did not seek to have the TMPs removed during the TEFRA proceedings.

**[\*13]** liability which Mr. Goldberg should have raised during the partnership item adjustment TEFRA proceedings rather than in a partner assessment of adjustment items CDP proceeding. The Commissioner's motion then argues that without the underlying liability being at issue, this Court should review for abuse of discretion and affirm the decision of Appeals to sustain the levy notice. This Court will grant the Commissioner's motion because the Court agrees that Mr. Goldberg's period of limitations argument had to be raised during the TEFRA proceedings and because this Court will find no abuse of discretion by Appeals in sustaining the levy notice.

### A. Mr. Goldberg's Motion for Summary Judgment

#### 1. Standard of Review

Section 6330(d)(1) grants this Court jurisdiction to review a determination made by Appeals in a levy case. Where the underlying tax liability is properly at issue, the Court reviews the determination of liability de novo. E.g., Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). De novo review means that the Court reviews "without deferring to any prior administrative adjudication" and "entirely independent of the administrative proceedings." Morris v. Rumsfeld, 420 F.3d 287, 292, 294 (3d Cir. 2005) (citing Timmons v. White, 314 F.3d 1229 (10th Cir. 2003)).

**[\*14]**   2.   <u>A Challenge to the Period of Limitations in a TEFRA
Proceeding Is a Challenge to the Underlying Liability That
Requires De Novo Review</u>

Mr. Goldberg's motion for summary judgment seeks to void the

Commissioner's FPAA deficiency determination by asserting that the underlying

TEFRA proceedings were untimely.  <u>See</u> sec. 6501(a) (imposing a three-year

limitations period for assessing tax).  Mr. Goldberg's period of limitations

argument is that the TMPs' consents to extend the periods of limitations in the

TEFRA proceedings were invalid.  The Court finds it unnecessary to address the

merits of Mr. Goldberg's period of limitations argument because a challenge to the

period of limitations is a challenge to the underlying liability which must be raised

at the partnership level and Mr. Goldberg cannot now raise such a challenge.  <u>See</u>

<u>infra</u> pp. 14-16.

TEFRA requires that all partnership items be determined in a single

partnership-level proceeding unless a partner makes a timely election to opt out of

the TEFRA proceeding by having his items converted to nonpartnership items.

Secs. 6221, 6223(e)(3); <u>see also</u> <u>Randell v. United States</u>, 64 F.3d 101, 103 (2d Cir.

1995).  In the absence of a timely election, the determination of partnership items

in a TEFRA proceeding is binding on the partners and may not be challenged in a

later partner-level proceeding.  <u>See</u> secs. 6230(c)(4), 7422(h).

[*15] The issue before this Court then is whether a challenge to the period of limitations is a challenge to the underlying liability which must be raised at the partnership level (i.e., in a TEFRA proceeding). The U.S. Court of Appeals for the Seventh Circuit, the court to which an appeal of this case would presumably lie absent a stipulation to the contrary, see sec. 7482(b)(2); Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971), has already considered this issue in Kaplan v. United States, 133 F.3d 469 (7th Cir. 1998).

In Kaplan, 133 F.3d 469, small-share partners[7] in a partnership brought a refund claim in which they challenged the period of limitations in an underlying TEFRA proceeding by arguing that the TMP's consents to extensions of time were invalid because the TMP did not properly provide them notice. The Court of Appeals observed that "[t]his is precisely the type of challenge prohibited by TEFRA in light of Congress's decision that such suits are better addressed in one fell swoop at the 'partnership level' than in countless suits by individual partners. Other courts share our view that this kind of statute of limitation challenge concerns a partnership item." Id. at 473; see Bedrosian v. Commissioner, 940 F.3d

---

[7] TEFRA required the IRS to send notice to each partner owning at least a 1% share of the partnership; it left the burden of providing notice to partners owning less than a 1% share (i.e., small-share partners) on the TMP. See sec. 6223(a), (b), (g).

**[*16]** 467, 471-472 (9th Cir. 2019), aff'g 143 T.C. 83 (2014); Keener v. United

States, 551 F.3d 1358, 1362-1363 & n.3 (Fed. Cir. 2009); Weiner v. United States,

389 F.3d 152, 156 (5th Cir. 2004); Davenport Recycling Assocs. v. Commissioner,

220 F.3d 1255, 1260 (11th Cir. 2000), aff'g T.C. Memo. 1998-347; Chimblo v.

Commissioner, 177 F.3d 119, 125 (2d Cir. 1999), aff'g T.C. Memo. 1997-535;

Williams v. United States, 165 F.3d 30 (6th Cir. 1998) (unpublished table

decision).

This Court agrees with the Court of Appeals and concludes that Mr.

Goldberg was required to raise his period of limitations challenge at the

partnership level; because he did not, he is barred from raising such a challenge in

this proceeding.

    3. The FPAAs Were Validly Issued and Mr. Goldberg Had Actual
      Notice of the TEFRA Litigation

Section 6223(a) provides that the "Secretary must give partners notice of

beginning and completion of administrative proceedings [(NBAP)]. The Secretary

shall mail to each partner whose name and address is furnished to the Secretary

notice of * * * the beginning of an administrative proceeding at the partnership

level with respect to a partnership item". See Taurus FX Partners, LLC v.

Commissioner, T.C. Memo. 2013-168, at *17. The Commissioner is required to

issue an NBAP at least 120 days before he issues an FPAA. Sec. 6223(d)(1).

[*17] Mr. Goldberg alleges that he did not receive an NBAP for either Matador's 1998 tax year or Alpha's 2000 tax year. He argues that he was therefore unable to participate in the partnership-level proceedings, in turn converting his partnership items to nonpartnership items, and that the period of limitations has expired with respect to the nonpartnership items. In support of his argument that he never received any NBAPs, Mr. Goldberg argues that the Commissioner failed to comply with procedures related to the certified mailing list. The gist of Mr. Goldberg's claim is that while the USPS stamped the certified mailing list, it neither was signed by a USPS employee nor included the total piece count (which should match the number of NBAPs the Commissioner recorded sending to USPS).

There are two problems with Mr. Goldberg's certified mailing list argument. First, even if he did not receive the NBAPs, the FPAAs were still valid and the operative notices which Mr. Goldberg should have challenged at the partnership level. Second, Mr. Goldberg had actual notice of the TEFRA litigation.

The Commissioner's failure to timely issue an NBAP does not automatically convert partnership items to nonpartnership items nor invalidate an otherwise valid FPAA. See Bedrosian v. Commissioner, 143 T.C. at 95; Pac. Mgmt. Grp. v. Commissioner, T.C. Memo. 2018-131, at *35; Taurus FX Partners, LLC v. Commissioner, at *17. Such a failure by the Commissioner instead gives rise to

[*18] certain statutory rights under section 6223(e). Bedrosian v. Commissioner, 143 T.C. at 95-96 ("[T]he [IRS'] failure [to issue certain notices within certain time constraints] gives rise to statutory rights under section 6223(e)."). That section allows taxpayers to whom the IRS untimely mails notice of a proceeding, or fails to mail such notice, to opt to have their partnership items treated as nonpartnership items, so long as the TEFRA proceeding is still ongoing. In this case the TEFRA proceedings were still ongoing at the time the FPAAs were issued.[8] Mr. Goldberg's remedy was to make an election under section 6223(e)(3), but he made no such election.[9]

---

[8] Mr. Goldberg has not disputed receipt of the FPAAs.

[9] The Court presumes that the FPAA was, in this case, the operative notice which gave rise to Mr. Goldberg's election rights under sec. 6223(e). In Bedrosian v. Commissioner, 143 T.C. 83 (2014), aff'd, 940 F.3d 467 (9th Cir. 2019), this Court addressed the question of when election rights arise under sec. 6223(e). The temporary regulation at the time, sec. 301.6223(e)-2T, Temporary Income Tax Regs., 52 Fed. Reg. 6785 (Mar. 5, 1987), required that the election be made within 45 days after the date on which the notice is mailed. In Bedrosian v. Commissioner, 143 T.C. at 99, the Court stated that, "[a]lthough it is unclear whether the 'notice' refers to the NBAP or the FPAA, because the FPAA is the later notice in this case, we will presume the FPAA is the operative notice." This Court also added in a footnote: "The current regulation clarifies that the FPAA is the operative notice, but that regulation became effective on October 4, 2001, for partnership years beginning after that date. See sec. 301.6223(e)-2(e), Proced. & Admin. Regs. A temporary regulation was effective for the partnership years at issue, and the IRS took the same position even before the final regulations. Field Service Advisory 1993, 1993 WL 1469668." Id. at 99 n.11.

**[\*19]** Mr. Goldberg also had actual notice of the ongoing TEFRA proceedings regardless of whether he received NBAPs. First, the TEFRA proceedings were ongoing when he received the FPAAs. Second, the TEFRA proceedings were still ongoing when Mr. Goldberg sent his 2010 protest letter to the Commissioner. Nevertheless, he made neither elections under section 6223(e)(3) nor any filings in the TEFRA proceedings which sought to challenge the period of limitations. There is simply no way now for Mr. Goldberg to escape his repeated failures to pursue timely remedies to his partnership liability claims.[10]

### B. Commissioner's Motion for Summary Judgment

#### 1. Standard of Review

Having decided that the underlying tax liabilities are not properly at issue in this case, this Court will review for abuse of discretion Appeals' determination to sustain the levy action. E.g., Goza v. Commissioner, 114 T.C. at 182. In

---

[10] In Davison v. Commissioner, T.C. Memo. 2019-26, aff'd, 805 F. App'x 259 (5th Cir. 2020), this Court addressed whether a taxpayer may contest his underlying income tax liability in a CDP case to the extent that this liability was based on computational adjustments resulting from a TEFRA proceeding. See also Hudspath v. Commissioner, T.C. Memo. 2005-83, aff'd, 177 F. App'x 326 (4th Cir. 2006). This Court held that, pursuant to sec. 6330(c)(2)(B), a taxpayer is precluded from challenging the existence or amount of an underlying income tax liability where the taxpayer had the opportunity in a TEFRA proceeding to challenge the partnership items that were reflected on the FPAA. Davison v. Commissioner, at \*13-\*14.

**[\*20]** reviewing for abuse of discretion, the Court must uphold the settlement officer's determination unless it is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); see also Keller v. Commissioner, 568 F.3d 710, 716-718 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166, and aff'g in part, vacating in part decisions in related cases. The Court does not conduct an independent review or substitute our own judgment for that of the settlement officer. Murphy v. Commissioner, 125 T.C. at 320.

2. Appeals Did Not Abuse Its Discretion in Sustaining the Levy Action

Sections 6320 and 6330 provide taxpayers the opportunity for notice and a hearing upon the filing of an NFTL (section 6320) and before a levy to collect unpaid tax (section 6330). If a taxpayer requests a CDP hearing, the settlement officer conducting the hearing must verify that the requirements of any applicable law or administrative procedure have been met. Secs. 6320(c), 6330(c)(1). The taxpayer may raise at a hearing any relevant issue relating to the unpaid tax or the collection action, including challenges to the appropriateness of collection actions and offers of collection alternatives. See sec. 6330(c)(2)(A). The taxpayer may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any period if the person did not receive a statutory notice for such

[*21] liability or did not otherwise have an opportunity to dispute such liability. See sec. 6330(c)(2)(B). A taxpayer who may raise the underlying liability during a CDP hearing must properly raise the merits of the underlying liability as an issue during the hearing to preserve the issue for judicial review. See Giamelli v. Commissioner, 129 T.C. 107, 112-116 (2007); secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. The merits are not properly raised if the taxpayer challenges the underlying tax liability but fails to present Appeals with any evidence with respect to that liability after having been given reasonably opportunity to present such evidence. See LG Kendrick, LLC v. Commissioner, 146 T.C. 17, 34 (2016), aff'd, 684 F. App'x 744 (10th Cir. 2017); secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

The Commissioner issued Mr. Goldberg an NFTL filing on April 7, 2015, for Mr. Goldberg's 1998 and 2000 income tax liabilities. A taxpayer has 30 days to challenge an NFTL filing by requesting a section 6320 hearing or submitting a Form 12153, but Mr. Goldberg failed to make a timely challenge. See sec. 6320(b).

The Commissioner then issued Mr. Goldberg a levy notice, dated December 2, 2015, for Mr. Goldberg's 1998 and 2000 income tax liabilities. A taxpayer has

**[\*22]** 30 days to challenge a levy notice by requesting a section 6330 hearing or submitting a Form 12153. Sec. 6330. This time, Mr. Goldberg did timely file a Form 12153 on December 20, 2015, requesting, among other things, a CDP hearing.

As the Court stated <u>supra</u>, section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can only be contested at a CDP hearing if the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute such tax liability. See <u>Goza v. Commissioner</u>, 114 T.C. at 180-181; <u>see also</u> <u>Our Country Home Enters., Inc. v. Commissioner</u>, 855 F.3d 773, 787 (7th Cir. 2017). The NFTL filing was a prior opportunity of which Mr. Goldberg did not avail himself. See <u>Inv. Research Assocs., Inc. v. Commissioner</u>, 126 T.C. 183, 189-191 (2006) (holding that the right to a hearing applies only to the first NFTL filing regarding each tax liability); <u>see also</u> <u>Gray v. Commissioner</u>, 723 F.3d 790, 793 (7th Cir. 2013). Therefore, the underlying liabilities are not properly at issue and the Court will review for abuse of discretion.[11]

---

[11] The Commissioner's motion for summary judgment further argues that Mr. Goldberg was required to raise his period of limitations argument as a challenge to the underlying liabilities in the TEFRA proceedings. The Court does not address that argument here because the Court has already addressed Mr.

[*23] In reviewing whether Appeals properly sustained the levy notice to facilitate collection of Mr. Goldberg's unpaid 1998 and 2000 income tax liabilities, the Court reviews the record to determine whether the settlement officer: (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

Our review of the record establishes that the settlement officer properly verified assessments of Mr. Goldberg's share of the partnership level adjustments for each tax period, verified that all legal and procedural requirements had been met, see CreditGuard of Am., Inc. v. Commissioner, 149 T.C. 370, 379 (2017), and determined that the proposed levy appropriately balances the need for the efficient collection of taxes with petitioner's legitimate concern that the action be no more intrusive than necessary. Mr. Goldberg failed to propose any collection alternative before or during his CDP hearing. It is not an abuse of discretion for a settlement officer to sustain a collection action and not consider collection alternatives when

Goldberg's arguments supra. Presumably, had Mr. Goldberg timely challenged the NFTL filing, the same analysis would apply.

[*24] the taxpayer has proposed none.  See McLaine v. Commissioner, 138 T.C. 228, 242-243 (2012); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005); see also sec. 301.7122-1(d)(1), Proced. & Admin. Regs. (requiring that offers to compromise a tax liability must be made in writing and include all the information prescribed or requested by the IRS).

Because Mr. Goldberg cannot now challenge the underlying liabilities, and because the Court finds no abuse of discretion, the Court will sustain the collection action and grant the Commissioner's motion for summary judgment.

III.    Conclusion

The Court has considered all of the arguments made by the parties and, to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.  No genuine dispute of material fact exists regarding the Commissioner's determination in this collection action.  See Naftel v. Commissioner, 85 T.C. at 529.  Accordingly, the Court will grant the Commissioner's motion for summary judgment and will deny petitioner's motion for summary judgment.

To reflect the foregoing,

An appropriate order will be issued.