# United States Tax Court

T.C. Memo. 2025-103

TOM GONZALES,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 3361-19.                    Filed October 8, 2025.

————

*Mark D. Wray*, for petitioner.

*Wesley J. Wong*, *Rebekah A. Myers*, and *Derek S. Pratt*, for respondent.


MEMORANDUM OPINION

VASQUEZ, *Judge*: Pending before the Court is respondent's Motion for Partial Summary Judgment. The issue is whether the Internal Revenue Service (IRS or respondent) issued three affected items Notices of Deficiency for taxable years 2000, 2001, and 2003 (2018 affected items notices) within the statutory period for assessment provided by sections 6501 and 6229.[1] Respondent contends that there are no facts in dispute about the timeliness of the 2018 affected items notices and that this issue has already been litigated and resolved in his favor in a related partnership-level TEFRA proceeding.[2]

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, §§ 401–407, 96 Stat. 324, 648–71, was in effect for the years at issue. TEFRA was repealed by the Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 1101(a), (g), 129 Stat. 584, 625, 638, for partnership tax years beginning after December 31, 2017.

**[\*2]**     For the reasons set forth below, we agree with respondent and will grant respondent's Motion as to the timeliness of the 2018 affected items notices.

*Background*

The following facts are derived from the parties' pleadings, Motion papers, and Declarations and Exhibits attached thereto.  They are stated solely for the purpose of deciding the Motion for Partial Summary Judgment before us and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).  We also take judicial notice of the related partnership-level proceedings, *Twenty-Two Strategic Investment Funds v. United States*, No. 05-cv-02835 (N.D. Cal. filed July 12, 2005), and the prior deficiency proceeding, *Gonzales v. Commissioner* (*Gonzales I*), No. 12982-05 (T.C. Feb. 27, 2008).  *See* Fed. R. Evid. 201; *Leyshon v. Commissioner*, T.C. Memo. 2015-104, at \*14–17 (taking judicial notice of records of prior proceeding concerning same taxpayer), *aff'd*, 649 F. App'x 299 (4th Cir. 2016).

*Logan, Petitioner's Partnership Entity*

In January 2000 petitioner established the wholly owned limited liability company Birch Ventures, LLC (Birch), which in turn created Logan, a strategic investment fund (SIF).  Birch obtained a premium loan and invested the proceeds along with petitioner's personal capital contribution in Logan.  Logan was dissolved on June 14, 2000, less than six months after its formation.  The subsequent distribution and sale of Logan's assets as part of a Son-of-BOSS transaction[3] allowed petitioner to claim losses for taxable years 2000, 2001, and 2003, which were later disallowed by the IRS.

Logan filed its initial and only Form 1065, U.S. Return of Partnership Income, for taxable year 2000 on April 16, 2001.  Thereafter, the IRS selected Logan's partnership return for examination.  On December 1, 2003, the IRS obtained Form 872–P, Consent to Extend the Time to Assess Tax Attributable to Partnership Items, extending the period of assessment for the partnership's 2000

---

[3] Son-of-BOSS is a variation of a slightly older alleged tax shelter known as BOSS, an acronym for "bond and options sales strategy."  A Son-of-BOSS transaction involves the transfer of assets encumbered by significant liabilities to a partnership, with the goal of increasing basis in that partnership. *Kligfeld Holdings v. Commissioner*, 128 T.C. 192, 194 (2007).

[*3] taxable year from April 16 to December 31, 2004, signed by Alan Smith, the purported representative of Presidio Growth, LLC, Logan's tax matters partner (TMP).[4] On February 2, 2004, the IRS obtained a second Form 872–P signed by Alan Smith, extending the period of limitations by an additional six months to June 30, 2005.

*Individual Tax Returns, Filing Dates, and Extensions*

Petitioner filed his individual tax return for taxable year 2000 on July 16, 2001. On December 2, 2003, petitioner signed Form 872–I, Consent to Extend the Time to Assess Tax As Well As Tax Attributable to Items of a Partnership, extending the three-year period of limitations for assessing any tax attributable to partnership items, affected items, and computational adjustments from July 16 to December 31, 2004. On October 20, 2004, petitioner signed a second Form 872–I, extending the period of limitations for assessing any tax attributable to partnership items, affected items, and computational adjustments by an additional six months to June 30, 2005.

Petitioner filed his individual tax returns for taxable years 2001 and 2003 on May 27, 2002, and September 27, 2004, respectively. He did not sign any Forms 872–I to extend the three-year period of limitations for either taxable year.

*Prior Tax Court Case: Taxable Years 2000 and 2001*

On April 14, 2005, respondent issued Notices of Deficiency to petitioner for taxable years 2000 and 2001. On July 13, 2005, petitioner filed a Petition in this Court at docket No. 12982-05. On February 27, 2008, this Court entered a stipulated decision pursuant to the agreement of the parties finding that petitioner had deficiencies of $105,985 and $243,215 for taxable years 2000 and 2001, respectively. The *Gonzales I* stipulated decision includes several stipulated paragraphs between petitioner and respondent concerning petitioner's interest in Logan. Stipulated paragraph four provides:

> 4. The tax treatment of petitioner's partnership items relating to Logan will be resolved in a separate partnership

---

[4] Under TEFRA, a partnership must designate one of its partners as the TMP to act as a liaison between the partnership and the IRS in administrative proceedings, and as a representative of the partnership in judicial proceedings. § 6231(a)(7).

**[\*4]**  proceeding conducted in accordance with the TEFRA partnership procedures.

*Issuance of the FPAA*

On April 28, 2005, the IRS issued a Notice of Final Partnership Administrative Adjustment (FPAA) to Logan for taxable year 2000, disallowing losses associated with its Son-of-BOSS transaction. On July 12, 2005, Presidio Growth, Logan's TMP, filed a consolidated action on behalf of Logan and 21 other SIFs for review of the FPAA adjustments in the U.S. District Court for the Northern District of California.

*District Court Partnership Proceeding*

On December 29, 2010, petitioner, as sole member of Birch, moved for leave to intervene in the partnership proceeding pursuant to section 6226(d)(1).[5] He contended that the FPAA had been issued after the period of limitations for assessing any tax attributable to partnership items had expired with respect to him individually. On February 28, 2011, the district court granted petitioner's motion to intervene.

After successfully intervening in the partnership proceeding, petitioner moved for summary judgment, arguing that the IRS had failed to obtain valid extensions and therefore issued the FPAA after the expiration of the period of limitations for taxable year 2000.[6] Petitioner argued that the Forms 872–P (TMP consents) as well as the Forms 872–I (individual consents) were invalid. Petitioner asserted that Alan Smith, signatory of the TMP consents, lacked permission and authority from the TMP to sign on its behalf. As to the individual consents, while petitioner acknowledged personally signing them, he contended that he had done so on the basis of guidance from his former accountant and adviser, Steve Smith, who had a "disqualifying" conflict of interest. Alternatively, petitioner argued that he signed the individual consents because of threats from the IRS, constituting duress.

---

[5] Under section 6226(d)(1), a person, with respect to whom the statute of limitations may have run, "shall be permitted to participate in such action . . . solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person."

[6] Absent valid extensions, the three-year standard period of limitations for tax assessment for taxable year 2000 would have expired for the partnership return on April 16, 2004, and for the individual return on July 16, 2004. The IRS issued the FPAA the following year, on April 28, 2005.

**[\*5]** The Government filed a cross-motion for summary judgment arguing that both sets of consents were valid and that issuance of the FPAA was timely. On July 31, 2014, the district court denied petitioner's motion for summary judgment and granted the Government's cross-motion for summary judgment, determining that the FPAA had been timely issued and that petitioner was not entitled to a statute of limitations defense. In its order granting the Government's motion and denying petitioner's motion, the district court held that both the TMP and individual consents were valid. Additionally, the district court granted the Government's separate summary judgment motion, sustaining all proposed adjustments to the FPAA except for interest income from certain loans. *Shasta Strategic Inv. Fund, LLC v. United States*, No. C-04-04264, 2014 WL 3852416 (N.D. Cal. July 31, 2014); *see also Shasta Strategic Inv. Fund LLC v. United States*, 76 F. Supp. 3d 895 (N.D. Cal. 2014). The district court entered its decision on January 20, 2015.

*Appeal of District Court Decision*

Petitioner appealed to the U.S. Court of Appeals for the Ninth Circuit, solely on the statute of limitations issue. On June 7, 2017, the Ninth Circuit affirmed the district court's decision. In its opinion, the Ninth Circuit addressed the validity of the individual consents and rejected petitioner's arguments that the consents were invalid because of an alleged third-party conflict of interest and alleged duress by the IRS. *Twenty-Two Strategic Inv. Funds v. United States*, 859 F.3d 684, 687 (9th Cir. 2017). Petitioner subsequently filed a petition for a writ of certiorari with the U.S. Supreme Court, which was denied on February 20, 2018. *Birch Ventures, LLC v. United States*, 583 U.S. 1120 (2018).

*Notices of Deficiency of Affected Items and Partner-Level Proceeding*

On November 16, 2018, respondent issued petitioner three Notices of Deficiency, concerning the affected items related to Logan and the partnership determination. *See* § 6230(a)(2)(A), (C) ("Notwithstanding any other law or rule of law, any notice or proceeding under subchapter B with respect to a deficiency [attributable to affected items which require partner level determinations] shall not preclude or be precluded by any other notice, proceeding, or determination with respect to a partner's tax liability for a taxable year."); *see also Rawls Trading, L.P. v. Commissioner*, 138 T.C. 271, 291 (2012) (describing section 6230(a)(2)(C) as an exception to the "no-second-deficiency notice" rule set forth in section 6212(c)(1)). The 2018 affected items notices

[*6] disallowed petitioner's claimed losses for 2000 and the net operating loss carryforwards for tax years 2001 and 2003 arising from the Son-of-BOSS transactions that were the subject of the partnership-level proceeding.

On February 12, 2019, petitioner initiated this proceeding, filing a Petition challenging the 2018 affected items notices on the grounds of timeliness as well as accuracy. After issue was joined, respondent filed a Motion for Partial Summary Judgment, focusing exclusively on the timeliness of the 2018 affected items notices. Petitioner subsequently filed his Response.

*Discussion*

I.     *Standard of Summary Judgment*

We may grant summary judgment (or partial summary judgment regarding an issue) if there is no genuine dispute of material fact and a decision may be rendered as a matter of law. *See* Rule 121(a); *see also Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002). The moving party bears the burden of proving that there is no genuine issue of material fact, and we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520.

II.     *TEFRA Two-Stage Proceedings*

Under TEFRA, partnership-related tax matters are addressed in two stages. First, the IRS initiates a proceeding at the partnership level to adjust "partnership items," those relevant to the partnership as a whole. §§ 6221, 6231(a)(3). The IRS issues an FPAA notifying the partners of any adjustments to partnership items, and the partners may seek judicial review of those adjustments. § 6226(a) and (b). Once any adjustments to partnership items become final, the IRS may undertake further proceedings at the partner level to make any resulting "computational adjustments" in the tax liability of the individual partners. § 6231(a)(6). Computational adjustments are not subject to deficiency procedures, and the Commissioner is not required to issue a Notice of Deficiency before making the adjustments. § 6230(a)(1). In contrast, affected items that require a factual determination at the partner level are subject to deficiency procedures, and the Commissioner is required to issue a Notice of Deficiency. § 6230(a)(2)(A).

[*7] III.    *Period of Limitations in TEFRA Proceedings*

Section 6501(a) sets a three-year limitations period from the filing of a return to assess tax. In the case of a tax imposed on partnership and affected items, section 6229 extends the period of limitations prescribed by section 6501(a). *Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner*, 114 T.C. 533, 545 (2000). Section 6229 prescribes a minimum three-year limitations period to assess tax attributable to partnership or affected items that supplements the section 6501(a) limitations period. *Rhone-Poulenc*, 114 T.C. at 540–42.

Generally, while a period of limitations is open, the Commissioner and the taxpayer may extend it. The TMP may agree to extend the section 6229(a) limitations period for tax attributable to partnership or affected items in a written agreement with the IRS, i.e., a TMP consent. §§ 6501(c)(4), 6229(b)(1). When a TMP agrees to extend the limitations period, he does so on behalf of all partners. Alternatively, an individual partner may agree to extend the limitations period for his share of partnership and affected items, i.e., an individual consent. An individual consent must expressly state that it applies to tax attributable to partnership or affected items. *See* § 6229(b)(3).

The timely mailing of the FPAA suspends the running of the limitations period for assessment of tax attributable to any partnership or affected items. The limitations period remains suspended for the period during which a partnership case may be filed in court and, if an action is brought, until the court's decision has become final plus for one year thereafter. § 6229(d).

IV.    *Analysis*

Within the TEFRA framework, assessment of tax attributable to a partnership item or affected item may be challenged as time barred if (1) the FPAA was issued after the expiration of an individual partner's applicable period of limitations or (2) the Notice of Deficiency was issued more than one year after a court entered its final decision in the related partnership proceeding.

Respondent contends that the timely issuance of the FPAA was adjudicated in his favor in the related partnership proceeding. He asserts that the 2018 affected items notices were timely issued because they were mailed to petitioner less than a year after the decision in the related partnership proceeding became final. Petitioner counters that the FPAA was not timely issued to Logan and that this is a partner-level

**[\*8]** affirmative defense over which this Court has jurisdiction. Alternatively, petitioner argues that the 2018 affected items notices were issued more than one year after adjustments to partnership items became final pursuant to the *Gonzales I* decision in 2008. For the reasons below, we agree with respondent.

### A. *Period of Limitations Defense*

Petitioner's primary argument is that respondent issued the FPAA after the expiration of the period of limitations under sections 6501 and 6229. In support of his argument petitioner challenges the validity of the individual and TMP consents. While a statute of limitations affirmative defense can be raised against an FPAA, it is a partnership item; and the appropriate time and place to raise it is in the related partnership proceeding. *Bedrosian v. Commissioner*, 143 T.C. 83, 97 (2014), *aff'd*, 940 F.3d 467 (9th Cir. 2019). A challenge to the validity of a consent in a partner level proceeding "is precisely the type of challenge prohibited by TEFRA in light of Congress's decision that such suits are better addressed in one fell swoop at the 'partnership level' than in countless suits by individual partners." *Kaplan v. United States*, 133 F.3d 469, 473 (7th Cir. 1998). This Court does not have jurisdiction to determine partnership items in a partner level proceeding. Accordingly, we do not address the merits of petitioner's argument with respect to the timely issuance of the FPAA.

### B. *Collateral Estoppel*

Even if we could construe petitioner's arguments about the individual consents as preservation of a partner-level defense over which we have jurisdiction, respondent has raised the affirmative defense of collateral estoppel.

Collateral estoppel, or issue preclusion, precludes the relitigation of issues in a second case if those issues were actually litigated and necessary to the outcome of the first case. *Hambrick v. Commissioner*, 118 T.C. 348, 353 (2002). Collateral estoppel is an affirmative defense that must be raised in a party's pleading. Rule 39. An affirmative defense that is not pleaded is deemed waived.[7] *Enos v. Commissioner*,

---

[7] Petitioner argues that respondent has waived his opportunity to make a preclusion argument. However, respondent raised collateral estoppel as an affirmative defense in his Answer. While respondent did not explicitly name the doctrine of collateral estoppel in his Motion papers, this omission does not amount to a waiver of the defense.

**[\*9]** 123 T.C. 284, 304 (2004); *Gustafson v. Commissioner*, 97 T.C. 85, 90 (1991); s*ee also Bonaire Dev. Co. v. Commissioner*, 76 T.C. 789, 802–03 (1981) (declining to apply collateral estoppel where the taxpayer did not clearly raise the issue in its petition, and the elements of collateral estoppel were not satisfied), *aff'd*, 679 F.2d 159 (9th Cir. 1982).

To establish collateral estoppel (1) the issue in the second suit must be identical to the issue decided in the first suit; (2) there must be a final judgment rendered by a court of competent jurisdiction; (3) the party against whom collateral estoppel is invoked must have been a party, or a privy to a party, in the first suit; (4) the issue must have been actually litigated and resolution of the issue must have been essential to the judgment in the prior decision; and (5) the controlling facts and applicable legal rules must remain unchanged from those in the prior suit. *See Peck v. Commissioner*, 90 T.C. 162, 166–67 (1988), *aff'd*, 904 F.2d 525 (9th Cir. 1990); *see also Ron Lykins, Inc. v. Commissioner*, 133 T.C. 87, 101 (2009). All five elements are easily satisfied here.

Petitioner raises the identical issue in this proceeding that was litigated at the partnership level: whether the individual consents validly extended the period of limitations for assessment of tax for taxable year 2000. The parties are the same. In fact, petitioner requested and was granted leave to intervene in the prior partnership-level proceeding so that he could be recognized as a party with an interest in the outcome of the proceeding and raise a statute of limitations defense. The validity of the individual consents was the only issue considered by the Ninth Circuit and therefore its resolution was clearly essential to the Ninth Circuit's opinion in the case *Twenty-Two Strategic Inv. Funds*, 859 F.3d at 687 ("The central issue in this case is the validity of the statute of limitation extensions signed by Gonzales, the taxpayer-partner. Gonzales contends that the consents to extend the limitations period that he signed are invalid because his tax advisor had a conflict of interest, and he signed the extensions under duress." (Footnote omitted.)). The Supreme Court's denial of petitioner's writ of certiorari on February 20, 2018, made the Ninth Circuit's judgment final. §§ 7481(a)(2)(B), 6230(g).

Petitioner acknowledges the Ninth Circuit's opinion but contends that it lacks preclusive effect. Petitioner asserts that the court in a partnership-level proceeding lacks jurisdiction to hear a statute of limitations affirmative defense. This argument has no merit. As explained earlier, in TEFRA proceedings, a statute of limitations defense must be adjudicated at the partnership level. Additionally, in

**[\*10]** making this argument, petitioner conveniently ignores the procedural history including that he intervened in the partnership proceeding pursuant to section 6226(d)(1). Section 6226(d)(1) explicitly recognizes that a court in a partnership-level proceeding has jurisdiction to consider an individual partner's limitations argument. § 6226(d)(1)(B) ("[A]ny person treated under subsection (c) as a party to an action shall be permitted to participate in such action (or file a readjustment petition under subsection (b) or paragraph (2) of this subsection) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and *the court having jurisdiction of such action shall have jurisdiction to consider such assertion.*" (Emphasis added.)).

Finally, petitioner identifies no changes in any of the controlling facts and applicable legal rules which would affect the outcome. As all the requirements for collateral estoppel have been met, petitioner is precluded from challenging the validity of the individual consents in this proceeding.

We now turn to whether the 2018 affected items notices were issued within a year after the court's decision in the related partnership proceeding became final.

C.  *Whether the 2018 Affected Items Notices Were Timely*

As previously stated, the timely mailing of the FPAA suspends the running of the limitations period and the limitations period remains suspended for the period during which a partnership case may be filed in court and, if an action is brought, until the court's decision has become final plus for one year thereafter. § 6229(d). The parties agree that the 2018 affected items notices were mailed on November 16, 2018. They disagree on when the Court's decision in the related partnership case became final and, therefore, how much time passed before the 2018 affected items notices were issued.

Petitioner contends that the relevant date is February 27, 2008, the date we entered our decision in *Gonzales I.* Petitioner's argument is wholly without merit. *Gonzales I* was a deficiency proceeding initiated by petitioner in response to Notices of Deficiency for taxable years 2000 and 2001. These Notices of Deficiency were issued before the FPAA in

[*11] the related partnership case.[8]  Beyond a general assertion, petitioner advances no arguments as to how we could consider this deficiency proceeding to be a partnership proceeding.  In fact, the *Gonzales I* stipulated decision clearly acknowledges that "petitioner's partnership items relating to Logan will be resolved in a separate partnership proceeding." *See supra* pp. 3–4.

This "separate partnership proceeding" referenced in *Gonzales I* began when Presidio, Logan's TMP, timely filed a partnership case in district court in response to issuance of the FPAA.  The district court rejected petitioner's arguments about the validity of the individual and TMP consents and determined that the FPAA was timely issued to Logan.  Petitioner appealed that decision to the Ninth Circuit, which affirmed the district court's order and decision.  Petitioner subsequently filed a petition for a writ of certiorari with the Supreme Court.  On February 20, 2018, the district court's decision became final with the Supreme Court's denial of petitioner's writ of certiorari.  *See* §§ 7481(a)(2)(B), 6230(g).  The 2018 affected items notices were issued later that same year, on November 16, 2018, and thus, were timely.

We have considered all other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

Considering the foregoing, respondent's Motion for Partial Summary Judgment will be granted.  Petitioner is precluded from making any arguments challenging the timeliness of the three affected items notices of deficiency, issued November 16, 2018, concerning taxable years 2000, 2001, and 2003.

*An appropriate order will be issued.*

---

[8] The 2005 Notices of Deficiency were issued on April 14, 2005, two weeks before the FPAA, issued on April 28, 2005.